960 So.2d 797 (2007)
A.C. HARROLL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2195.
District Court of Appeal of Florida, Third District.
June 20, 2007.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Laura Moszer, Assistant Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
SUAREZ, J.
The defendant appeals an order of the trial court modifying his probation to require him to wear a G.P.S. transmitter as a condition of his probation. We affirm.
The defendant was charged with failing to re-register as a sexual offender in violation of section 943.0435, Florida Statutes (2006). On July 6, 2006, the defendant entered a plea of guilty and was sentenced to two years of probation with a special condition that he continue to register as required. On July 28, 2006, pursuant to a Department of Corrections request, the trial court re-visited the issue of the mandatory-monitoring sentencing requirements under section 948.30, Florida Statutes (2006). Under section 948.30, Florida Statutes (2006),[1] the trial court is required to impose mandatory electronic monitoring *798 as a condition of probation for defendants previously convicted of unlawful sexual activity involving a victim fifteen years of age or younger where the offender is eighteen years of age or older. The defendant had previously been convicted of lewd and lascivious assault on a child under the age of twelve, see § 800.04, Fla. Stat. (1990), and sexual battery on a minor under twelve years of age. See § 794.011, Fla. Stat. (1990). On August 18, 2006, pursuant to section 948.30, the trial court imposed G.P.S. electronic monitoring as a mandatory condition of the defendant's probation. The defendant appeals the final judgment of conviction and sentence ordering him to wear the transmitter on grounds of double jeopardy.
We hold that the trial court did not err by imposing the mandatory condition of sex-offender probation of wearing the G.P.S. monitor. Under Florida Rule of Criminal Procedure 3.800(c), the trial court may modify an incomplete sentence within sixty days of its imposition to include any provision of chapter 948 which it failed to originally pronounce. Where the defendant's sentence is incomplete because it omits a mandatory condition of probation under chapter 948 as part of the sex-offender sentence, the trial court may properly modify the defendant's sentence within sixty days to include the condition mandated by chapter 948. Cf. Kiriazes v. State, 798 So.2d 789 (Fla. 5th DCA 2001). Moreover, "[i]t does not offend double jeopardy principles to re-sentence a defendant to harsher terms when the original sentence [is] invalid. . . ." See Allen v. State, 853 So.2d 533, 536 (Fla. 5th DCA 2003)(citing Bozza v. U.S., 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947)(re-sentencing that imposes more severe sentence to correct omitted mandatory penalty does not violate double jeopardy clause)); see also Oce v. State, 795 So.2d 278 (Fla. 3d DCA 2001)(Cope, J., concurring).
Affirmed.
NOTES
[1] Section 948.30, Florida Statutes (2006) provides in pertinent part:

948.30. Additional terms and conditions of probation or community control for certain sex offenses.
Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
* * *
(3) Effective for a probationer or community controllee whose crime was committed on or after September 1, 2005, and who:
(a) Is placed on probation or community control for a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older;
(b) Is designated a sexual predator pursuant to s. 775.21; or
(c) Has previously been convicted of a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older,
the court must order, in addition to any other provision of this section, mandatory electronic monitoring as a condition of the probation or community control supervision.
(emphasis supplied)