968 So.2d 1032 (2007)
Ramona Alma FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3517.
District Court of Appeal of Florida, Fifth District.
October 19, 2007.
Rehearing Denied November 26, 2007.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Ramona Fields timely appeals from an order that modified her probation to require electronic monitoring. We affirm.
In 1999, Fields was convicted of committing lewd and lascivious acts against a child under the age of sixteen. Fields was sentenced to a period of incarceration and designated a sexual offender. After being released from prison, Fields was charged, in March, 2006, with driving with a revoked license (habitual offender)  a third *1033 degree felony.[1] In April, 2006, Fields pled guilty to the offense and was placed on eighteen months probation.
In June, 2006, an affidavit was filed, alleging that Fields had violated her probation. Pursuant to a plea agreement with the State, Fields admitted the probation violation. In return, the State agreed that her probation should not be revoked but rather modified so as to impose drug offender probationer conditions. On August 3, 2006, the trial court accepted the plea and modified the remainder of the term of Fields' probation to drug offender probation. Eleven days later, the State filed a motion to impose electronic monitoring pursuant to section 948.063, Florida Statutes (2006). On September 12, 2006, over defense objection, the trial court granted the State's motion and ordered electronic monitoring.
Fields advances two arguments on appeal. First, Fields contends that section 948.063 does not mandate electronic monitoring in this case because she was on probation for a driving offense, not a sexual offense. We disagree. Section 948.063(1) clearly provides that the trial court's obligation to require electronic monitoring after a revocation of probation is not dependent on whether the defendant was on probation for a sexual offense or some other felony.
(1) If probation or community control for any felony offense is revoked by the court pursuant to s. 948.063(2)(e) and the offender is designated as a sexual offender pursuant to s. 943.0435 or s. 944.607 . . ., for unlawful sexual activity involving a victim 15 years of age or younger and the offender is 18 years of age or older, and if the court imposes a subsequent term of supervision following the revocation of probation or community control, the court must order electronic monitoring as a condition of the subsequent term of probation or community control.
(Emphasis added).
Section 948.063(2)[2] governs those instances where the trial court has modified a defendant's probation rather than revoked it. Although subsection (2) does not utilize the words "for any felony offense," we find that the legislative intent of this subsection was to require courts to order electronic monitoring if the conditions set forth in subsection (1) have otherwise been met, and the court decides to modify, rather than revoke, a defendant's probation. A statute must be construed in its entirety and as a whole. See Koile v. State, 934 So.2d 1226, 1233 (Fla.2006); St. Mary's Hosp., Inc. v. Phillipe, 769 So.2d 961, 967 (Fla.2000).
Fields' second argument is that the trial court violated the constitutional prohibition against double jeopardy by ordering electronic monitoring forty days after the initial modification of her probation. Again, we disagree.
Where a trial court fails to impose a mandatory penalty at the original sentence, double jeopardy principles are not offended where the trial court subsequently *1034 corrects the sentence by imposing the omitted mandatory sanction. Bozza v. United States, 330 U.S. 160, 166-67, 67 S.Ct. 645, 91 L.Ed. 818 (1947); see also Allen v. State, 853 So.2d 533, 536 (Fla. 5th DCA 2003).
The Third District Court of Appeal has recently rejected a similar double jeopardy argument. In Harroll v. State, 960 So.2d 797 (Fla. 3d DCA), rev. denied, 966 So.2d 966 (Fla.2007), the defendant had been charged with failing to re-register as a sexual offender. On July 6, 2006, the defendant pled guilty and was sentenced to two years of probation with a special condition that he continue to register as required. On August 18, 2006, the trial court imposed electronic monitoring as a mandatory condition of the defendant's probation pursuant to section 948.30. On appeal, the Third District held that imposition of the electronic monitoring condition did not violate double jeopardy. The court noted that pursuant to Florida Rule of Criminal Procedure 3.800(c), the trial court had the authority to modify an incomplete sentence within sixty days of its imposition to include any provision of Chapter 948, which it failed to originally pronounce.
Where the defendant's sentence is incomplete because it omits a mandatory condition of probation under chapter 948 as part of the sex-offender sentence, the trial court may properly modify the defendant's sentence within sixty days to include the condition mandated by chapter 948.
Id. at 798; see also Kiriazes v. State, 798 So.2d 789 (Fla. 5th DCA 2001).
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 322.34(5), Fla. Stat. (2005).
[2] Section 948.063(2) provides:

If the probationer or offender is required to register . . . as a sexual offender under s. 943.0435 or s. 944.607 for unlawful sexual activity involving a victim 15 years of age or younger and the probationer or offender is 18 years of age or older and has violated the conditions of his or her probation or community control, but the court does not revoke probation or community control, the court shall nevertheless modify the probation or community control to include electronic monitoring for any probationer or offender not then subject to electronic monitoring.