974 So.2d 1203 (2008)
Dennis Ray BURKHART, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4658.
District Court of Appeal of Florida, First District.
February 25, 2008.
*1204 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Dennis Ray Burkhart, Appellant, challenges the trial court's Order of Modification of Probation, which imposed an electronic monitoring device as an additional condition of his probation. He argues that the trial court violated the Double Jeopardy Clause when it modified his sentence after the conclusion of his sentencing hearing. The State acknowledges that the modification was improper. We agree. Accordingly, we reverse the modified order of probation that imposes an additional condition of probation and remand with instructions for the trial court to vacate the order.
After Appellant pled nolo contendere to two counts of possession of a controlled substance, one count of possession of drug paraphernalia, and one count of driving while license cancelled, suspended, or revoked, the trial court sentenced him to concurrent sentences of thirty months probation and six months of community control. Following the conclusion of Appellant's sentencing hearing, Appellant's probation officer suggested to the trial court that it may have erred in failing to require electronic monitoring as a condition of Appellant's probation because Appellant had a previous conviction for lewd or lascivious exhibition under section 800.04(7)(c), Florida Statutes.[1] Subsequently, the trial court entered an order modifying Appellant's sentence to include electronic monitoring as an additional condition of probation.
Because probation is considered a sentence in Florida, an enhancement or extension of the conditions of probation after the conclusion of the sentencing hearing generally constitutes a violation of the double jeopardy prohibitions of the United States and Florida constitutions. See Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994); Justice v. State, 674 So.2d 123, 126 (Fla.1996). Section 948.06 sets forth the proper procedure for enhancing the conditions of probation. Under section 948.06, probation may not be enhanced until the probationer has been formally charged with a violation of probation, brought before the court, and advised of the charge. Lippman, 633 So.2d at 1064; Eddie v. State, 933 So.2d 570, 571 (Fla. 1st DCA 2006). Additionally, the double jeopardy protection prohibits enhancement of probation conditions without proof of a violation of probation. Lippman, 633 So.2d at 1064.
However, in Harroll v. State, 960 So.2d 797, 798 (Fla. 3d DCA 2007), the Third District recognized that a trial court may modify a sentence of probation to include statutorily mandated conditions of probation without violating the Double Jeopardy Clause. Specifically, the Harroll court recognized that where section 948.30 requires a probationer to be electronically monitored, a trial court does not err in modifying the probationer's sentence to correct *1205 the omission of this required condition of probation. See id. The Harroll court's holding rested on the sound premise that a defendant is not placed in double jeopardy when the trial court simply corrects a legally invalid sentence. See id. (citations omitted).
The narrow issue presented in this case is whether the trial court erred in concluding that Appellant's previous conviction was a qualifying offense under section 948.30(3)(c). Under section 948.30(3)(c), any probationer or community controllee whose crime was committed on or after September 1, 2005, must undergo electronic monitoring as a condition of probation or community control supervision if he or she "[h]as previously been convicted of a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older." The crimes listed in this section of the statute are, respectively, any crime of sexual battery, lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, sexual performance by a child, or selling or buying of minors.
Where a statute enumerates specific terms, it is ordinarily construed as excluding from its operation all those terms not expressly mentioned. Thayer v. State, 335 So.2d 815, 817 (Fla.1976). The crime of lewd or lascivious exhibition, as defined in section 800.04(7), is not listed as a qualifying offense in section 948.30(3)(c). Thus, Appellant's previous conviction of lewd or lascivious exhibition did not require the trial court to impose electronic monitoring as a condition of probation under section 948.30(3)(c). Because the additional condition was not statutorily mandated, the trial court placed Appellant in double jeopardy when it modified the terms of Appellant's probation after the close of the sentencing hearing. The State concedes that section 948.30 does not support the trial court's decision to modify Appellant's sentence.[2] We commend the State for its candor and conclude that, under the facts of this case, there was no justification for modifying the sentence.
Accordingly, we REVERSE and REMAND with directions for the trial court to vacate the order modifying Appellant's probation.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.
NOTES
[1] The record does not indicate when Appellant committed this offense. However, Appellant has conceded that the offense was presumptively committed after the effective date of section 948.30(3)(c). Additionally, our ruling in this case renders the date of the offense irrelevant.
[2] Although it concedes that section 948.30 does not support the trial court's modification of Appellant's sentence, the State emphasizes its position that the judgment and sentence originally imposed against Appellant were proper. The only issue Appellant has raised in this appeal is whether the modification itself was proper. Therefore, this decision does not affect the validity of the original judgment and sentence.