TAYLOR, J.
 

 Michael Grosso appeals the trial court’s order modifying his probation to include electronic monitoring more than sixty days after the probationary sentence was imposed. He challenges the modification on double jeopardy and jurisdictional grounds. Although we disagree with Grosso’s contention that the probation modification violated double jeopardy principles, we agree that the trial court lost jurisdiction to add electronic monitoring as a condition of probation more than sixty days after his sentencing.
 

 In 2003, Grosso was initially placed on probation for unlawful sexual activity involving a victim fifteen years of age or younger while Grosso was eighteen years of age or older. Because Grosso failed to report to the Broward County Sheriffs Office during the month of his birthday in June 2006 and register as required by section 775.21(8)(a), Florida Statutes, Grosso was charged with Failure of a Sexual Predator to Report. He pled no contest to failure to register and was placed on five years of sexual offender probation on September 28, 2006.
 

 On August 28, 2007, the Department of Corrections moved, pursuant to sections 775.24 and 943.0436, Florida Statutes (2006), to modify Grosso’s probation to include electronic monitoring. After a hearing, the trial court granted the Department’s motion and added electronic monitoring as a condition. In the order, the court explained that Grosso qualified for mandatory electronic monitoring and
 
 *364
 
 that, although the court failed to impose electronic monitoring at the time of sentencing, the Department timely filed its Motion to Modify Probation under Florida Statute section 943.0436(3). Grosso appealed the modified sentence.
 

 “ ‘The legality of a sentence is a question of law and is subject to
 
 de novo
 
 review.’ ”
 
 Stoute v. State,
 
 915 So.2d 1245, 1247 (Fla. 4th DCA 2005) (quoting
 
 Flowers v. State,
 
 899 So.2d 1257, 1259 (Fla. 4th DCA 2005)). Under section 948.30, Florida Statutes, the trial court was required to impose electronic monitoring as a mandatory condition of probation because of Grosso’s prior convictions for violations of Chapter 794 and Section 800.04, Florida Statutes, and his new offense.
 
 See
 
 § 948.30(3). Moreover, the trial court could modify his original sentence to include this mandatory penalty without violating double jeopardy principles. “Where a trial court fails to impose a mandatory penalty at the original sentence, double jeopardy principles are not offended where the trial court subsequently corrects the sentence by imposing the omitted mandatory sanction.”
 
 Fields v. State,
 
 968 So.2d 1032, 1033-34 (Fla. 5th DCA 2007);
 
 Harroll v. State,
 
 960 So.2d 797, 798 (Fla. 3d DCA 2007),
 
 review denied,
 
 966 So.2d 966 (Fla.2007).
 

 However, Florida Rule of Criminal Procedure 3.800(c) limits the time frame for modifying a sentence. The rule provides that “[a] court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition. ...” Thus, where, as in this case, the original probation order omitted the statutorily mandated condition of electronic monitoring, the trial court had only 60 days after sentencing to modify the order to include this condition.
 
 See Harroll,
 
 960 So.2d at 798 (“Where the defendant’s sentence is incomplete because it omits a mandatory condition of probation under chapter 948 as part of the sex-offender sentence, the trial court may properly modify the defendant’s sentence within sixty days to include the condition mandated by chapter 948.”).
 
 See also Beal v. State,
 
 978 So.2d 825 (Fla. 1st DCA 2008);
 
 Siplen v. State,
 
 969 So.2d 1171, 1172 (Fla. 5th DCA 2007);
 
 Fields,
 
 968 So.2d at 1033-34;
 
 Kiriazes v. State,
 
 798 So.2d 789, 794 (Fla. 5th DCA 2001).
 

 The Department of Corrections contends that it had a year after the sentence was imposed to file its motion to modify probation. The Department relies on sections 943.0436 and 775.24, Florida Statutes. According to the Department, the Legislature authorized the agency to challenge court orders affecting the performance of their statutory duties up to one year after receipt of any such order. Sections 943.0436 and 775.24, Florida Statutes, entitled “Duty of the court to uphold laws governing sexual predators and sexual offenders,” are identical and provide in pertinent part as follows:
 

 (3) If the court enters an order that affects an agency’s performance of a duty imposed under the laws governing sexual predators or sexual offenders, or that limits the agency’s exercise of authority conferred under such laws, the Legislature strongly encourages the affected agency to file a motion in the court that entered such order. The affected agency may, within 1 year after the receipt of any such order, move to modify or set aside the order or, if such order is in the nature of an injunction, move to dissolve the injunction. Grounds for granting any such motion include, but need not be limited to:
 

 (a) The affected agency was not properly noticed.
 

 
 *365
 
 (b) The court is not authorized to enjoin the operation of a statute that has been duly adjudged constitutional and operative unless the statute is illegally applied or unless the statute or the challenged part of it is unconstitutional on adjudicated grounds.
 

 (c) Jurisdiction may not be conferred by consent of the parties.
 

 (d) To the extent that the order is based upon actions the agency might take, the court’s order is premature and, if and when such actions are taken, these actions may be challenged in appropriate proceedings to determine their enforceability.
 

 (e) The injunction affects the public interest and would cause injury to the public.
 

 (f) The order creates an unenforceable, perpetual injunction.
 

 (g) The order seeks to restrict the agency in the performance of its duties outside the court’s territorial jurisdiction.
 

 §§ 943.0436(3)
 
 &
 
 775.24(3), Fla. Stat.
 

 The Department argues that the trial court’s failure to require electronic monitoring affects its ability to effectively perform its statutory duty to supervise offenders and protect the public. We believe, however, that the Department has too broadly interpreted its authority under these sections to seek modification of sentencing orders. As the Senate Staff Analysis below indicates, the legislative intent of section 943.0436 was to enforce sexual predator and offender
 
 registration requirements:
 

 The CS creates s. 943.0436, F.S. This new section is comparable to s. 755.24, F.S., which provides legislative findings relevant to the duty of the courts to uphold laws governing sexual predator and offender registration, and provides that agencies may request relief from inappropriate orders affecting registration. According to FDLE, there have been numerous instances of assistant state attorneys and judges who are unaware of s. 775.24, F.S., as it applies to sexual offenders and have failed to follow the statute by waiving all or part of the sexual offender registration requirements.
 

 Fla. Senate Staff Analysis & Economic Impact Statement, CS/SB 1510, at 5-6 (Feb. 12, 2002).
 

 Here, the Department was not seeking to modify the probation order to require sexual offender registration, but to add electronic monitoring. Because the court erred in modifying probation to include electronic monitoring outside the sixty-day period specified in Rule 3.800(c), we reverse the order with directions to strike electronic monitoring as a condition of probation.
 

 Reversed and Remanded.
 

 HAZOURI and MAY, JJ„ concur.