PER CURIAM.
Appellant, a minor, pled guilty to two counts of lewd and lascivious molestation and one count of lewd and lascivious exhibition. The circuit court entered a Disposition Order sentencing him to probation *821 and releasing him into his mother’s custody pending placement with a more adequate caregiver. Eventually, the court placed Appellant with a caregiver, where he continued serving his probation. Soon thereafter, the court determined the caregiver was unable to satisfactorily supervise Appellant. The court entered a Modified Disposition Order adjudicating Appellant delinquent, revoking his probation and re-sentencing him to commitment in a high risk residential program to be followed by a term of post-commitment probation. The court did not conduct a violation of probation hearing prior to issuing the Modified Disposition Order.
Generally, a trial court has authority to modify or rescind the terms or conditions of probation it imposes. See § 948.03(2), Fla. Stat. (2007); see also State v. Springer, 965 So.2d 270 (Fla. 5th DCA 2007). However, the constitutional guarantees of due process and protection from double jeopardy prohibit a trial court from revoking or enhancing probation without first determining the probationee violated probation. See § 948.06, Fla. Stat. (2007); see also Burkhart v. State, 974 So .2d 1203 (Fla. 1st DCA 2008). Absent proof of a violation, a trial court cannot alter an order of probation by revoking or enhancing the terms thereof. See Clark v. State, 579 So.2d 109, 110-11 (Fla.1991); see also Burkhart, 974 So.2d at 1204-05.
Here, the circuit court committed fundamental error by revoking Appellant’s probation and resentencing him without determining he violated the terms of his probation. We therefore reverse the court’s final order and remand for further proceedings consistent with this opinion.
Additionally, the Modified Disposition Order incorrectly states Appellant was convicted of three counts of lewd or lascivious molestation. Appellant was actually convicted of two counts of lewd or lascivious molestation and one count of lewd or lascivious exhibition. We remand with directions that the circuit court’s final order reflect that Appellant pled guilty to two counts of lewd or lascivious molestation and one count of lewd or lascivious exhibition.
REVERSED and REMANDED.
HAWKES, C.J., VAN NORTWICK, and BROWNING, JJ„ concur.