71 So.3d 202 (2011)
J.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D10-3538.
District Court of Appeal of Florida, Fifth District.
September 30, 2011.
James S. Purdy, Public Defender, and Colby Nicole Ferris, Assistant Public Defender, Daytona Beach, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
J.H. appeals the disposition order, claiming that it violates the prohibition against double jeopardy. We agree and reverse.
J.H. entered a plea of no contest to one count of lewd or lascivious conduct. At the initial disposition hearing, the court orally sentenced 14-year-old J.H. to probation until he turned 19 and ordered 23 hours of community service in lieu of a cash payment of court costs. The court signed the Department of Juvenile Justice's *203 (DJJ) proposed plan and the matter concluded. J.H. left the courtroom to begin his probation. The court proceeded to handle other cases.
Fourteen minutes after J.H.'s sentence had been pronounced, J.H. was summoned back to the courtroom at the request of the assistant state attorney, who thought that the sentence needed to be re-addressed in light of her belief that a commitment staffing that had been previously ordered was never completed. The court withdrew the disposition order and ordered that another disposition hearing be held after the commitment staffing was completed. J.H.'s attorney protested that jeopardy had already attached and J.H. had already begun serving his probation. The court announced that it would deal with those concerns at the next disposition hearing. The hearing concluded.
The commitment staffing was held, and the case proceeded to the second disposition hearing several weeks later. This time, the DJJ recommended that J.H. be placed in residential treatment in a moderate-risk program. J.H.'s attorney again objected on the ground that jeopardy had attached at the earlier sentencing. Acknowledging that there "most likely" would be an appeal and that its second sentencing order "may well be overturned," the court imposed three years in a level six program, ordered 23 hours of community service to cover court costs, and added 20 hours of community service that had not been included in the first order.
The State concedes that if this court determines that the original sentence was valid, double jeopardy was violated by the resentencing. However, it contends that the original sentence was invalid because the court did not have before it a fully completed, statutorily-required predisposition report at the time of sentencing, which, it argues, is required under section 985.229(1):
A predisposition report shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department. A comprehensive evaluation for physical health, mental health, substance abuse, academic, educational, or vocational problems shall be ordered for any child for whom a residential commitment disposition is anticipated or recommended by an officer of the court or by the department. If a comprehensive evaluation report is ordered, the predisposition report shall include a summary of the comprehensive evaluation.
§ 985.229(1), Fla. Stat. (2010). Missing from the predisposition report was a comprehensive evaluation, and only after the court received the comprehensive evaluation could a sentence be properly imposed, the State asserts, citing K.D. v. State, 911 So.2d 885 (Fla. 1st DCA 2005) (remanding for new disposition hearing where the predisposition report noted that a comprehensive evaluation had not yet been received as of the date of the report and DJJ had asked that sentencing be continued so it could be obtained; holding that failure to strictly comply with the mandatory statutory requirements for disposition hearings is reversible error and, without the comprehensive evaluation to consider, the court was in violation of the statutory requirements for sentencing).
It appears the State was misled by a predisposition report filed some months earlier that was incomplete, as that is what it cites in support of its argument that the court could not proceed to sentencing in the absence of a comprehensive evaluation. The State is correct that the predisposition report to which it refers was incompleteit noted on its face the absence of the *204 comprehensive evaluation at the time it was prepared. However, the record does contain a subsequent, complete predisposition report and comprehensive evaluation. This complete report, along with the DJJ's proposed plan for probation, was stamped as "Filed in Open Court" on the day of the first disposition hearing. Hence, the State advances an erroneous argument in support of its contention that the original sentence was improper.
As noted above, J.H. was originally sentenced to probation. Probation cannot be revoked or enhanced without first a determination that the probationer violated probation. § 948.06, Fla. Stat. (2010); Burkhart v. State, 974 So.2d 1203 (Fla. 1st DCA 2008). Without such proof, "a trial court cannot alter an order of probation by revoking or enhancing the terms thereof." J.D.D. v. State, 12 So.3d 820, 821 (Fla. 1st DCA 2009). If it does so, it has violated the prohibition against double jeopardy. See Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) ("Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles."); Gardner v. State, 30 So.3d 629, 632 (Fla. 2d DCA 2010) (holding that the sentencing court lacked authority to call the defendant back for resentencing that increased sentence terms, even if the originally pronounced sentence was illegal for failing to include minimum mandatory term; further holding that it was a violation of double jeopardy protections to increase the sentence after jeopardy attached); T.D.D. v. State, 981 So.2d 674, 675-76 (Fla. 2d DCA 2008) (agreeing with the state's concession that second disposition order had to be reversed and new disposition order reflecting court's earlier oral pronouncement had to be entered); Obara v. State, 958 So.2d 1019, 1021-22 (Fla. 5th DCA 2007) (reversing resentencing of the defendant where drugs were found on his person ten minutes after the initial sentence was imposed; holding that jeopardy had attached and possession was not a violation of the terms of his plea agreement); Shepard v. State. 940 So.2d 545 (Fla. 5th DCA 2006) (holding that the defendant's double jeopardy rights were violated when the trial court recalled parties 50 minutes after sentencing hearing concluded and changed oral pronouncement of "concurrent" to "consecutive" on one of defendant's sentences; noting original pronouncement was neither ambiguous nor illegal, and pronouncement became final when sentencing hearing ended); I.B. v. State, 771 So.2d 1258, 1259 (Fla. 4th DCA 2000) (concluding that the trial court's action in setting aside a disposition order and then "resentencing appellant after his sentence had already been served" violated double jeopardy).
Here, the trial court had orally pronounced sentence and J.H. had left the courtroom. When J.H. left, he was on probation and had began to serve the sentence imposed at that disposition hearing. Because this original sentence was valid, the court violated the constitutional proscription[1] against double jeopardy by sentencing J.H. a second time to a harsher sentence. Accordingly, we reverse the second disposition order and remand this case for reinstatement of the initial disposition order and sentence originally imposed.
REVERSED and REMANDED.
GRIFFIN and COHEN, JJ., concur.
NOTES
[1] Art. I, § 9, Fla. Const.