NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID JOHN JONES,          )
                                   )
          Appellant,       )
                                   )
v.                          )       Case No. 2D17-267
                                   )
STATE OF FLORIDA,        )
                                   )
          Appellee.        )
_____)

Opinion filed July 13, 2018.

Appeal from the Circuit Court for
Sarasota County; Donna Padar Berlin,
Judge.

Jason M. Reid of The Law Offices of
Carlson & Meissner, Bradenton, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge

         David John Jones appeals an "order clarifying defendant's sentence" that

imposed special conditions of sex offender probation. Jones contends that adding sex

offender probation conditions subsequent to his sentencing violated double jeopardy

principles. Failing that, he maintains that the specific conditions restricting his contact with or proximity to children were improper. We reverse.

In 2013 Jones entered a negotiated plea to traveling to seduce/solicit/entice a child to commit a sex act (count two), in violation of section 847.0135(4)(a), Florida Statutes (2012), and to transmission of material harmful to minors (count three), in violation of section 847.0138(2), Florida Statutes (2012). He was sentenced to 25.05 months' prison followed by six years' probation on both counts, with a designation of sex offender probation on count two.

At the plea hearing and again at the sentencing hearing, it was agreed by all present that there had been no actual victim under age eighteen and sex offender probation conditions required in cases involving minor victims would not apply. Accordingly, the court entered a form order of sex offender probation that set forth the statutory special conditions attendant to sex offender probation. Consistent with the plea agreement, the court checked a box to implement the following qualification: "No victim under 18, therefore, no prohibition as to contact with minors as a condition of Sex Offender Probation."

Notably, at the sentencing hearing the judge did not orally enumerate the special conditions associated with the sex offender probation. This was significant because traveling to seduce/solicit/entice a child to commit a sex act is not an enumerated offense for which sex offender probation is mandatory under section 948.30(1), Florida Statutes (2012). Special conditions of sex offender probation may be imposed for a nonenumerated offense if they are reasonably related to the offense or to future criminality. Villanueva v. State, 200 So. 3d 47, 53 (Fla. 2016). But after Jones

was sentenced the First District held that for an offense that is not enumerated under section 948.30(1), the component conditions of sex offender probation must be orally announced at sentencing and that those not orally announced must be stricken. Snow v. State, 157 So. 3d 559, 561-62 (Fla. 1st DCA 2015), quashed on other grounds, No. SC15-536 (Fla. 2016), clarified on remand, 193 So. 3d 1091 (Fla. 1st DCA 2016).

After Jones completed the incarcerative portion of his sentence, the State filed a motion asking the trial court to clarify the sentence by orally announcing specific special conditions of sex offender probation as required by Snow. Over defense counsel's objection, the court granted the State's motion, orally enumerated the special sex offender probation conditions to be included in Jones's sentence, and entered a written order reflecting the clarification. Both the oral pronouncement and the written order imposed conditions restricting Jones's contact with or proximity to minors.

While this appeal was pending, the Fourth District released its decision in Levandoski v. State, 217 So. 3d 215 (Fla. 4th DCA 2017), disagreeing with the holding in Snow. "When a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." Id. at 219. The supreme court recently resolved the conflict in favor of the Fourth District's position. Levandoski v. State, 43 Fla. L. Weekly S258 (Fla. June 7, 2018).

Levandoski pleaded no contest to two charges for which sex offender probation is not mandatory. He requested that he be sentenced to a downward departure sentence of house arrest with the terms of sex offender probation included therein. Id. at S258. The trial court sentenced him to prison followed by sex offender

- 3 -

probation.  Id.  Subsequently, Levandoski unsuccessfully moved to strike the conditions of sex offender probation on the ground that they were special conditions that were not orally pronounced.  Id.  The supreme court held that Levandoski was on notice of the conditions of sex offender probation because his request for such exhibited an understanding of said conditions and the trial court's oral pronouncement of the sentence implicitly referenced sex offender probation by imposing a condition found exclusively within section 948.30.  Id. at S259-260.

In our case, Jones entered a negotiated plea to sex offender probation for a nonenumerated offense.  Under Levandoski, Jones must be deemed to have been on notice of the special conditions of sex offender probation and their oral and written impositions were effective at his initial sentencing.  In light of this, the State's effort to have Jones's sentence clarified to comply with the requirements of Snow proved unnecessary; the ensuing oral pronouncement and written order are superfluous.

Regarding Jones's second argument, the parties' plea agreement exempted Jones from sex offender probation conditions that are required when the victim was under the age of eighteen.  This agreement was incorporated into the oral sentence, and it was reflected in the written sentencing documents.  "Because probation is considered a sentence in Florida, an enhancement or extension of the conditions of probation after the conclusion of the sentencing hearing generally constitutes a violation of the double jeopardy prohibitions of the United States and Florida constitutions." Burkhart v. State, 974 So. 2d 1203, 1204 (Fla. 1st DCA 2008).  Here, the trial court improperly enhanced Jones's sentence by adding conditions of sex offender probation that are required when the victim was under eighteen.

- 4 -

Because the order clarifying Jones's sentence is superfluous generally and violates double jeopardy insofar as it purports to impose sex offender probation conditions from which Jones was exempted at his initial sentencing, we reverse the order in its entirety.

LUCAS, J., and CASE, JAMES, ASSOCIATE SENIOR JUDGE, Concur.