DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHRISTOPHER WALK,**
Appellee.

No. 4D18-921

[January 30, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 502015CF009085A.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellant.

Joshua LeRoy of LeRoy Law, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

The State appeals the trial court's order modifying Christopher Walk's probation more than sixty days after the probationary sentence was imposed. Because the trial court lacked jurisdiction to modify probation, we quash the order modifying probation and remand for reinstatement of the original probationary sentence.

The State charged Walk with thirty-four counts of possessing, controlling, or intentionally viewing a photograph showing sexual conduct by a child. Walk pled guilty to three of the counts and the State agreed to nolle prosse the remaining counts. In January 2017, Walk was sentenced to eighteen months in prison followed by ten years of supervised sex offender probation. As a condition of probation, Walk was prohibited from having unsupervised contact with a child under the age of eighteen.

In February 2018, more than one year after the imposition of his probationary sentence, Walk filed a motion seeking clarification of the probation condition regarding no unsupervised contact with a child under the age of eighteen. Although titled a motion to "clarify," Walk was essentially asking the court to remove that condition from his probation

so that he could live in the same house as his wife and two minor children after his release from prison. Following a brief hearing on Walk's motion, which the court treated as a motion to modify probation, the court granted the motion over the State's objection.

Florida Rule of Criminal Procedure 3.800 governs the procedures for correcting, reducing, and modifying sentences and provides that a court may reduce or modify "a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition." Fla. R. Crim. P. 3.800(c). A trial court lacks jurisdiction to modify a legal sentence outside that sixty-day time frame. *Grosso v. State*, 2 So. 3d 362, 364–65 (Fla. 4th DCA 2008) (citing Rule 3.800(c) and holding that the trial court lacked jurisdiction to modify the defendant's probation more than sixty days after it was imposed). As Walk's probationary sentence was imposed in January 2017, the trial court had sixty days after sentencing to modify probation. Because Walk filed his motion to modify more than one year after the imposition of his probationary sentence, the trial court had no jurisdiction to modify probation. *Id.* Walk properly concedes error.

As a petition for writ of certiorari is the proper vehicle by which to challenge as beyond its jurisdiction a trial court's order modifying a sentence, we treat the State's appeal as a petition for writ, grant the petition, and quash the order modifying Walk's probationary sentence. *State v. Williams*, 780 So. 2d 1031, 1032 (Fla. 1st DCA 2001); *State v. Blue*, 603 So. 2d 648, 649 (Fla. 5th DCA 1992). On remand, the trial court is directed to reinstate the original probationary sentence.

GROSS and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***