951 So.2d 86 (2007)
David HARDER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3585.
District Court of Appeal of Florida, First District.
March 13, 2007.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
*87 PER CURIAM.
This is an appeal from an order revoking appellant David Harder's probationary term, and the sentence thereafter imposed. We affirm the order of revocation as an appropriate exercise of the trial court's discretionary authority, but reverse the sentence and remand for resentencing.
After receiving appellant's negotiated plea to the offense of sexual battery of a person between 12 and 18 years of age, while he was in a position of familial or custodial authority, the lower court sentenced him to 15 years' imprisonment, followed by a five-year term of probation, subject to the special condition that appellant enroll in and successfully complete psychological counseling. Appellant's later release on probation was subsequently revoked due to his failure to comply with the special condition, and he was resentenced to a term of 17 years with credit for time previously served. This sentence was challenged by appellant's motions to correct, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), asserting that the sentencing scoresheet relied on by the court erroneously assessed 40 points for sexual penetration that was not supported by the record,[1] and that the court lacked the authority to impose a departure sentence in the absence of appellant's assent to such facts. The court denied the motions, apparently agreeing with the state's argument that it was empowered to impose a departure sentence upon revocation for any reason that could support a prior aggravating circumstance or departure at the time of the initial sentence. In so deciding, the court cited the victim's age, six years,[2] which made her especially vulnerable to the offense committed.[3]
On appeal, the state agrees that the record does not support the trial court's finding that the victim was six years of age at the time of the commission of the offense, nor does it contest that points were improperly scored for penetration. See Brown v. State, 763 So.2d 1190 (Fla. 4th DCA 2000) (a departure sentence may not be imposed nor may a sentence be aggravated based on elements of offenses that were dismissed).
The revocation of probation is AFFIRMED; the sentence imposed following revocation is REVERSED, and the case is REMANDED for further consistent proceedings at which appellant's presence shall be assured.
DAVIS and BENTON, JJ., and ERVIN, III, RICHARD W., Senior Judge, concur.
NOTES
[1] The sexual battery count to which appellant pled alleged the battery was accomplished by oral vaginal contact.
[2] In making such finding, the court relied upon facts recited in the first three counts of the information that were nolle prossed, alleging appellant's sexual battery of a person less than 12 years, rather than the allegation made in the fourth count, to which appellant entered his negotiated plea, stating the victim's age to be no less than 12.
[3] Such circumstance authorizes an aggravation. See § 921.0016(3)(j), Fla. Stat.