993 So.2d 998 (2007)
Nicholas BURRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1215.
District Court of Appeal of Florida, Second District.
November 7, 2007.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
*999 KELLY, Judge.
Nicholas Burrell appeals from the trial courts order which modified the conditions of his sex offender probation by requiring electronic monitoring under the Jessica Lunsford Act (the Act), section 948.30, Florida Statutes (2006). Burrell argues that the imposition of this condition violated ex post facto and double jeopardy principles because his original offense occurred nearly three years before the effective date of the Act. We remand for reconsideration of his sentence.
The State charged Burrell with one count of solicitation to commit a lewd battery with a child over twelve but less than sixteen under sections 777.04(2) and 800.04, Florida Statutes (2002). The offense occurred between October 20, 2002, and November 16, 2002. When Burrell was sentenced on January 29, 2004, to two years of community control followed by three years of sex offender probation, a standard condition of his probation provided that he could be placed on electronic monitoring at the discretion of the Department of Corrections. Another standard condition directed Burrell to submit to electronic monitoring if deemed necessary by his community control or probation officer. Under these conditions, electronic monitoring could have been imposed on Burrell, even without the Act. See § 948.06(1), Fla. Stat. (2002); Hill v. State, 927 So.2d 1047 (Fla. 2d DCA 2006) (stating that, when a defendant violates probation, upon resentencing the trial court may impose any sentence it originally might have imposed without violating double jeopardy principles).
However, in this case, the trial court was under the mistaken impression that it was required to impose the electronic monitoring under the Act.[1] The court stated at the hearing that the proposed reinstatement of probation "is a GPS mandatory." The defense attorney pointed out that Burrell's offense occurred prior to the effective date of the Act, but the court believed that, because the violation of probation occurred after the Act was in effect, Burrell was subject to its mandatory electronic-monitoring provisions.
We agree with Burrell that the offense occurred before the effective date of the Act; therefore, section 948.30 does not apply to him. The statute specifically states that it applies to sex offenders whose offenses occurred on or after September 1, 2005. Because it is unclear whether the trial court would have imposed the electronic monitoring as a condition of probation had it known it was not mandatory, *1000 we remand for resentencing to allow the trial court to exercise its discretion to determine whether electronic monitoring should be imposed.
Reversed and remanded.
ALTENBERND and STRINGER, JJ., Concur.
NOTES
[1] Section 948.30 states:

Additional terms and conditions of probation or community control for certain sex offenses.
Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
* * *
(3) Effective for a probationer or community controllee whose crime was committed on or after September 1, 2005, and who:
(a) Is placed on probation or community control for a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older;
(b) Is designated a sexual predator pursuant to s. 775.21; or
(c) Has previously been convicted of a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older, the court must order, in addition to any other provision of this section, mandatory electronic monitoring as a condition of the probation or community control supervision. (Emphasis added).