979 So.2d 1060 (2008)
Daniel DONOHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4217.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Rehearing Denied May 19, 2008.
Richard L. Rosenbaum of Arnstein & Lehr, LLP, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Daniel Donohue appeals his sentence for indecent assault on a child under the age of sixteen. We reverse and remand for additional findings by the trial court regarding *1061 the trial court's imposition of GPS monitoring as a condition of probation, but we affirm appellant's split sentence.
In Donohue v. State, 925 So.2d 1163 (Fla. 4th DCA 2006), we remanded the case for re-sentencing because an aggravating circumstance used to enhance appellant's sentence had not been determined by the jury or admitted by appellant, as required by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
At the re-sentencing hearing, the state requested that the trial court impose sexual offender probation, but the court refused, claiming that, in 1997, when the crime was committed, sexual offender probation did not exist. The trial judge also said that, "regardless of the court's ruling, the Department of Corrections and pursuant to the Jessica Lunsford Act, Mr. Donohue is going to be on lifetime GPS monitoring. And the court might just as well bite the bullet now and impose it because that's pursuant to the Act." Over appellant's objections, the trial court determined that the Jessica Lunsford Act is "self-effectuating" and does not require any factual findings or notice. Near the end of the hearing, the prosecutor said that appellant is a sexual offender, and the judge did not disagree with that statement, although both parties and the judge acknowledged that appellant is not a sexual predator and that the trial court had been wrong to classify him as one during the original sentencing.
Section 948.30, Florida Statutes (2006), a portion of the Jessica Lunsford Act, states:
(2) Effective for a probationer or community controllee whose crime was committed on or after October 1, 1997, and who is placed on community control or sex offender probation for a violation of chapter 794, s. 800.04, s. 827.071, or 847.0145, in addition to any other provision of this section, the court must impose the following conditions of probation or community control:
* * *
(e) Electronic monitoring when deemed necessary by the community control or probation officer and his or her supervisor, and ordered by the court at the recommendation of the Department of Corrections.
(3) Effective for a probationer or community controllee whose crime was committed on or after September 1, 2005, and who:
(a) Is placed on probation or community control for a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older;
(b) Is designated a sexual predator pursuant to s. 775.21; or
(c) Has previously been convicted of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older,
the court must order, in addition to any other provision of this section, mandatory electronic monitoring as a condition of the probation or community control supervision.
We are unable to determine whether the trial court's misapplication of the Act was the sole reason that the trial court sentenced appellant to electronic monitoring. Under section 948.30(2)(e), Florida Statutes, the court was required to impose electronic monitoring only "when deemed necessary by the community control or probation officer and his or her supervisor" *1062 and recommended by the Department of Corrections. The trial judge appeared to believe that electronic monitoring was mandatory and that no additional factual findings were necessary.
The facts of this case are very similar to those of Burrell v. State, ___ So.2d ___, 2007 WL 3317518 (Fla. 2d DCA 2007). In Burrell, the trial judge mistakenly thought that he had to impose electronic monitoring under the Jessica Lunsford Act. Id. at *1, at ___. The second district court of appeal held, "[b]ecause it is unclear whether the trial court would have imposed electronic monitoring as a condition of probation had it known it was not mandatory, we remand for resentencing to allow the trial court to exercise its discretion to determine whether electronic monitoring should be imposed." Id.
We reverse and remand for further findings by the trial court to determine whether electronic monitoring should be imposed on appellant. Further, because the record is not clear, we also remand for further findings as to whether or not appellant is a sexual offender.
Reversed and Remanded.
STONE, STEVENSON, and TAYLOR, JJ., concur.