PER CURIAM.
The appellant, David Harder, challenges the trial court’s written probation order. The appellant argues that the order contradicted the trial court’s oral pronouncement at sentencing and that electronic monitoring was not mandated by statute. We agree and reverse and remand accordingly. We affirm on all other issues without further discussion.
On May 30, 1996, the appellant was convicted of custodial sexual battery and was sentenced to 15 years’ imprisonment to be followed by five years’ probation. On June 11, 1996, the trial court entered a written probation order. Subsequently, the trial court revoked the appellant’s probation and sentenced him to 17 years’ imprisonment. The appellant challenged his sentence, arguing that the scoresheet improperly assessed points for events unsupported by the record. On the previous appeal, we agreed with the appellant and reversed and remanded for resentencing. See Harder v. State, 951 So.2d 86 (Fla. 1st DCA 2007).
On remand, the trial court resentenced the appellant to 47.5 months’ imprisonment to be followed by four years’ probation. At the sentencing hearing, the trial court pronounced that:
The same conditions of probation, it would be the sex offender probation that were [sic] previously imposed, will remain in full force and effect.... It’s the court’s intent that the conditions of probation previously imposed will remain in full force and effect.
[[Image here]]
I’m also of the understanding that mandatory monitoring would not apply because this was way before.... Also, I placed Mr. Harder on probation with the same conditions that were previously imposed. The special conditions that were previously imposed ... when you were originally placed on probation were the general conditions of probation, and also the special condition that you submit to a psychosexual evaluation and follow through with any recommended treatment, and that would be the court would be — the only change that that would be was an expert approved by the State Attorney; that you have no contact, either directly or indirectly, with the victim .... That you have no unsupervised contact with minor children, that you pay for the victim’s counseling or treatment for which she has been approved. ... I did also, under the law, since this — well, the violation occurred in 2005, I mean the hearing was in 2005.... Are you sure that I’m required *1293 to impose that or? ... Well, I’m going to impose it, and that would require that he would be monitored at all times during — while on probation.
Despite its oral pronouncement, on October 31, 2007, the trial court entered a mitten probation order with additional conditions to those imposed in the June 11, 1996, order.
Because the appellant’s crime was committed on August 18, 1995, section 948.03, Florida Statutes (1995), is applicable. See Burrel v. State, 993 So.2d 998, 999 (Fla. 2d DCA 2007) (finding that section 948.30, Florida Statutes (2006), did not apply where the offense was committed prior to the statute’s effective date); see also Plute v. State, 835 So.2d 368, 369 (Fla. 2d DCA 2003) (finding that trial courts should conduct resentencing according to the laws in effect on the date that the defendant committed the relevant offense). Section 948.03, Florida Statutes (1995), affords trial courts discretion to impose probation terms and conditions; however, that discretion is not without limits. A trial court may not impose a written order of probation that contradicts its prior oral pronouncement. Any difference between the trial court’s oral pronouncement and its written order is resolved in favor of the oral pronouncement. Carter v. State, 787 So.2d 193, 193-94 (Fla. 1st DCA 2001).
In the instant case, during the sentencing hearing, the trial court orally pronounced that the 1996 probation order would remain in full force and effect. In its written probation order, however, the trial court included several additional conditions to those imposed in the 1996 order. Thus, the trial court improperly deviated from its oral pronouncement.
At sentencing, the trial court also orally pronounced that it would impose electronic monitoring. Although electronic monitoring is now mandatory, at the time of the appellant’s offense, the trial court had discretion to impose electronic monitoring as a condition of the appellant’s probation. See § 948.30(3), Fla. Stat. (2006); § 948.03, Fla. Stat. (1995). The trial court, however, is required to make its use of discretion apparent. Any ambiguity is resolved by remanding to the trial court for resentencing. See Burrell, 993 So.2d at 999 (remanding to allow the trial court to exercise its discretion “[b]ecause it [was] unclear whether the trial court would have imposed the electronic monitoring as a condition of probation had it known it was not mandatory”); Donohue v. State, 979 So.2d 1060, 1062 (Fla. 4th DCA 2008) (reversing and remanding because, on appeal, it was unclear whether the trial court believed that electronic monitoring was mandatory or if the trial court used its discretion).
Here, the trial court’s oral pronouncement at the sentencing hearing did not conclusively show that it exercised its discretion pursuant to section 948.03, Florida Statutes (1995). Accordingly, we remand for resentencing to afford the trial court discretion to determine whether electronic monitoring should be a condition of the appellant’s probation.
We reverse and remand with instructions for the trial court to comply with its oral pronouncement and to exercise its discretion regarding whether electronic monitoring is warranted in the instant case.
AFFIRMED, in part, REVERSED, in part, and REMANDED.
HAWKES, C.J., PADOVANO, and ROBERTS, JJ., concur.