CANADY, J.
 

 This matter is before the Court for consideration of proposed amendments to
 
 *377
 
 Florida Rules of Criminal Procedure 3.172 and 3.985. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e); Fla. R. Jud. Admin. 2.140(f).
 

 On February 18, 2009, the Criminal Procedure Rules Committee (Committee) filed an out-of-cycle report proposing amendments to rules 3.172, Acceptance of Guilty or Nolo Contendere Plea, and 3.985, Standard Jury Instructions.
 

 The proposed amendment to rule 3.172 derived from this Court’s decision in
 
 Bolware v. State,
 
 995 So.2d 268 (Fla.2008), where we concluded that, while not a direct consequence of a guilty plea or plea of nolo contendere, the suspension or revocation of a driver’s license constitutes such a serious consequence that a defendant should be informed of it pursuant to rule. We adopt the Committee’s proposal with minor modification, thus amending rule 3.172(c) to require, pursuant to subdivision (10), that the trial judge determine whether the defendant understands
 

 that if the defendant pleads guilty or nolo contendere and the offense to which the defendant is pleading is one for which automatic, mandatory driver’s license suspension or revocation is required by law to be imposed (either by the court or by a separate agency), the plea will provide the basis for the suspension or revocation of the defendant’s driver’s license.
 

 The Committee also proposes amending rule 3.985, which directs where trial judges may find the standard criminal jury instructions to be used by courts in charging juries in criminal cases, to the extent that the instructions are applicable and not determined to be erroneous or inadequate. The rule amendment changes the reference from the forms published by The Florida Bar to those appearing on the Court’s website. This change recognizes the practice, as represented by the Committee, of the Office of the State Courts Administrator posting all criminal jury instructions on this Court’s website within a business day of release. Consistent with this rule change, the Court sua sponte amends the parallel rule of civil procedure, rule 1.985, to reflect that the civil jury instructions are also available from the Court’s website.
 

 We hereby adopt the amendments to the Florida Rules of Criminal Procedure and Florida Rules of Civil Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the filing of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 1.985. STANDARD JURY INSTRUCTIONS
 

 The forms of Florida Standard Jury Instructions published by The -F-lor-ida-Bai-pursuant-to-autherity-of-the-supreme court appearing on the court’s website at www. floridasupremecourt.org/iury_instructions/ instructions.shtml may be used by the trial judges of this state in charging the jury in civil actions to the extent that the forms are applicable, unless the trial judge determines that an applicable form of instruction is erroneous or inadequate. In that event the trial judge shall modify the form or give such other instruction as the judge determines necessary to accurately and sufficiently instruct the jury in the circumstances of the action. In that event the trial judge shall state on the record or in a separate order the manner in which the
 
 *378
 
 judge finds the standard form erroneous or inadequate and the legal basis of that finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge determines that the giving of such an instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge shall give such instruction as the judge deems appropriate and necessary. In that event the trial judge shall state on the record or on a separate order the legal basis of the determination that such instruction is necessary.
 

 RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CON-TENDERE PLEA
 

 (a)-(b) [No change]
 

 (c) Determination of Voluntariness.
 

 [No change]
 

 (l)-(9) [No change]
 

 (10) that if the defendant pleads guilty or nolo contendere and the offense to which the defendant is pleading is one for which automatic, mandatory driver’s license suspension or revocation is required by law to be imposed (either by the court or by a separate agency), the plea will provide the basis for the suspension or revocation of the defendant’s driver’s license.
 

 (d)-(j) [No change]
 

 Committee Notes
 

 [No change]
 

 RULE 3.985. STANDARD JURY INSTRUCTIONS
 

 The forms of Florida Standard Jury Instructions in Criminal Cases published by The Florida-Bar-pursuant-to authority of the court appearing on the court’s website at www.floridasupremecourt.org/jury_ instructions/instructions.shtml may be used by the trial judges of this state in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge’s finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions in Criminal Cases contain a recommendation that a certain type of instruction not be given, the trial judge may follow the recommendation unless the judge shall determine that the giving of such an instruction is necessary to instruct the jury accurately and sufficiently, in which event the judge shall give such instruction as the judge shall deem appropriate and necessary; and, in such event, the trial judge shall state on the record or in a separate order the legal basis of the determination that the instruction is necessary.
 

 Committee Notes
 

 [No change]