PER CURIAM.
 

 Petitioner, State of Florida, challenges a Brevard County circuit court order modifying Respondent Wayne Alan Petrae’s probation by deleting the condition requiring electronic monitoring. We find that the circuit court departed from the essential requirements of the law by deleting the probationary condition, grant the certiorari petition, and quash the order on review.
 
 [1]
 

 On November 21, 2003, Petrae was charged by information with two counts of lewd or lascivious battery after having sex with a thirteen year-old girl. Petrae was eighteen. In 2004, Petrae entered into a plea agreement whereby he pled guilty to one count of lewd or lascivious battery in exchange for the State’s agreement to nolle pross the other count, and a downward departure sentence of two years of community control followed by eight years of sex offender probation. In 2006, Petrae violated his community control after being discovered in possession of a large bag of marijuana. Petrae admitted the violation and, subject to another downward departure plea agreement with the State, had his community control/probation revoked and was sentenced to eleven years of supervised probation.
 

 On April 30, 2009, Petrae filed a motion to modify his probation. In this motion,
 
 *1014
 
 Petrae requested that the trial court remove the condition of probation requiring him to wear a GPS monitoring bracelet, which the trial court granted over the State’s objection.
 

 As the State argued below, section 948.063, Florida Statutes, mandates the electronic monitoring of certain sex offenders who violate their probation and for whom probation is reinstated. The statute provides:
 

 If probation or community control for any felony offense is revoked by the court pursuant to s. 948.06(2)(e) and the offender is designated as a sexual offender pursuant to s. 943.0435 or s. 944.607 or as a sexual predator pursuant to s. 775.21 for unlawful sexual activity involving a victim 15 years of age or younger and the offender is 18 years of age or older, and if the court imposes a subsequent term of supervision following the revocation of probation or community control, the court must order electronic monitoring as a condition of the subsequent term of probation or community control.
 

 § 948.063(1), Fla. Stat. (2009).
 

 Trial judges are obligated to impose mandatory conditions of sex offender probation, and the statute does not allow for judicial discretion.
 
 See Springer,
 
 965 So.2d at 272-73;
 
 Woodson v. State,
 
 864 So.2d 512, 515 (Fla. 5th DCA 2004). Electronic monitoring is a mandatory condition for sexual offenders eighteen years old or older, whose victims, as in this case, are fifteen years old or younger, and who, like Petrae, have violated their probation or community control.
 
 Fields v. State,
 
 968 So.2d 1032, 1033 (Fla. 5th DCA 2007). Electronic monitoring being a mandatory condition of probation, the trial court was obligated to impose the condition, and did not have the discretion to subsequently rescind it.
 
 See Springer,
 
 965 So.2d at 272-73.
 
 [2]
 
 In removing the condition, the trial court departed from the essential requirements of law.
 
 Id.
 
 Accordingly, we grant the petition and quash the trial court’s August 21, 2009 order deleting the electronic monitoring condition of Petrae’s probation.
 

 GRANT PETITION; QUASH ORDER.
 

 SAWAYA, LAWSON and COHEN, JJ., concur.
 

 [1]
 

 . Certiorari is the proper method to challenge a trial court's improper deletion of a mandatory condition of probation.
 
 State v. Springer,
 
 965 So.2d 270 (Fla. 5th DCA 2007).
 

 [2]
 

 . Ironically, it would be within the trial court's discretion to terminate the probation altogether.