CIKLIN, J.
Ronnie Witchard appeals from the trial court’s order which modified the conditions of his sex offender probation to include mandatory electronic monitoring pursuant to section 948.063, Florida Statutes (2008). Section 948.063 mandates the electronic monitoring of certain sex offenders who violate their probation and remain on probation after the violation. Because we hold that section 948.063 does not apply to probationers such as Witchard whose offenses were committed before the statute’s effective date, we remand for resentencing to allow the trial court to exercise its discretion to determine whether electronic monitoring should be imposed.
In 2005, Ronnie Witchard entered a plea of nolo contendere in three different criminal cases to multiple charges of lewd and lascivious battery for engaging in sexual activity with a person twelve years of age or older but less than sixteen years of age. Importantly, all of the crimes to which Witchard pled were alleged to have occurred between June 1, 2001 and May 31, 2004. The trial court sentenced him to a total of twenty years of sex offender probation.
In June of 2009, Witchard was charged by affidavit with violating his probation. The affidavit alleged that Witchard had committed the criminal offense of driving while license suspended and that Witchard had failed to pay various costs. Witchard admitted to the violation and the court continued his probation, but over Witch-ard’s objection, modified the conditions of his probation to include electronic monitoring pursuant to the Jessica Lunsford Act (the “JLA”). On September 29, 2009, Witchard filed a motion to withdraw his plea claiming that he did not agree to the electronic monitoring.
During a hearing on November 25, 2009, the trial court granted Witchard’s motion to withdraw his plea. At the same hearing, Witchard again pled to the violation of probation, but this time with an express reservation as to whether he was subject to the provisions of the JLA requiring electronic monitoring after a violation of sex offender probation. The trial court subsequently modified Witchard’s probation to include mandatory electronic monitoring pursuant to the JLA. In modifying the probation to include electronic monitoring, the trial court noted that it believed, “based upon the reading of the Statute, that [Witchard was] subject to the terms and conditions of [the] JLA,” and that Witchard fell “within that purview, as a result of this particular violation of supervision.”
The applicability of the JLA to Witchard is the sole issue on appeal. Witchard argues that the trial court erred in finding that he was subject to the provisions of section 948.063 that require a trial court to order GPS monitoring as a condition of probation for certain probationers who violate probation and are reinstated. The statute became effective on September 1, 2005, but Witchard committed all of his crimes before June 1, 2004. Thus, Witch-ard argues that section 948.063 does not apply to him either because the legislature did not intend for the mandatory GPS monitoring condition to apply to probationers whose crimes were committed before the statute’s effective date, or because retroactive application of this section to Witchard’s offenses would violate the ex post facto clauses of the United States and Florida Constitutions. We agree.
Because the issue raised by Witchard is one of constitutional and statutory interpretation, our review is de novo. See Fla. *409 Hosp. Waterman, Inc. v. Buster, 984 So.2d 478, 485 (Fla.2008).
Section 948.063(1), Florida Statutes, mandates the electronic monitoring of certain sex offenders who violate their probation and remain on probation after the violation. The statute reads:
If probation or community control for any felony offense is revoked by the court pursuant to s. 948.06(2)(e) and the offender is designated as a sexual offender pursuant to s. 943.0435 or s. 944.607 or as a sexual predator pursuant to s. 775.21 for unlawful sexual activity involving a victim 15 years of age or younger and the offender is 18 years of age or older, and if the court imposes a subsequent term of supervision following the revocation of probation or community control, the court must order electronic monitoring as a condition of the subsequent term of probation or community control.
§ 948.063(1), Fla. Stat. (2008) (emphasis added). Section 948.063(1) was enacted as part of the JLA and became effective on September 1, 2005. See Ch. 2005-28, § 17, at 227, Laws of Fla. Witchard was convicted for crimes that were committed between June 1, 2001 and May 31, 2004. Thus, all of Witchard’s crimes were committed before the statute became effective.
From the text of the JLA, it is unclear if the Florida Legislature intended section 948.063 to apply to probationers who committed their crimes before the JLA’s effective date.[1] “Where legislative intent is unclear from the plain language of the statute, we look to canons of statutory construction.” Kasischke v. State, 991 So.2d 803, 811 (Fla.2008). One of the most fundamental of these rules is that “[w]e are ... obligated to construe statutes in a manner that avoids a holding that a statute may be unconstitutional.” State v. Giorgetti, 868 So.2d 512, 518 (Fla.2004).
Witchard argues that retroactive application of this section to probationers whose offenses were committed before the JLA’s effective date would violate the ex post facto clauses of the United States and Florida Constitutions. We agree.[2]
“The constitutional prohibition of ex post facto laws forbids the enactment of ‘laws with certain retroactive effects.’ ” Shenfeld v. State, 44 So.3d 96, 100 (Fla.2010) (quoting Stogner v. California, 539 U.S. 607, 610, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003)). The Florida Supreme Court has enumerated four categories of ex post facto laws and has held that “[a]ll ex post facto claims must be evaluated in the light of these four categories.” Id. The category which is applicable to this case is a “law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.” See id.
Thus, the issue here boils down to whether the mandatory electronic monitoring requirement of section 948.063 constitutes a greater punishment than was applicable to Witchard’s crimes when com *410 mitted.[3] To date, no Florida appellate court has directly addressed this question. Nevertheless, Florida courts have consistently treated mandatory electronic monitoring as a sentencing enhancement — i.e., punishment. See, e.g., Grosso v. State, 2 So.3d 362, 365 (Fla. 4th DCA 2008) (holding that the trial court erred in modifying probation to include electronic monitoring outside the sixty-day period specified in Rule 3.800(c) because the state “was not seeking to modify the probation order to require sexual offender registration, but to add electronic monitoring”); Fields v. State, 968 So.2d 1032, 1033-34 (Fla. 5th DCA 2007) (finding no double jeopardy violation where the trial court ordered section 948.063 electronic monitoring forty days after the initial modification of probation because the trial court had failed “to impose a mandatory penalty at the original sentence” (emphasis added)); Harroll v. State, 960 So.2d 797, 798 (Fla. 3d DCA 2007) (recognizing that modifying the probation to include the mandatory condition of electronic monitoring constituted a “more severe sentence” with “harsher terms”).
Furthermore, the Florida Legislature also seems to recognize that mandatory electronic monitoring is a form of punishment. As part of the JLA, the Florida Legislature added the requirement that a trial court impose mandatory electronic monitoring on certain sex offenders who are placed on probation, but limited the requirement to probationers whose crimes were committed on or after September 1, 2005. See § 948.30(3), Fla. Stat. (2005). If the mandatory electronic monitoring was only a civil remedy, there would have been no reason for the legislature to limit the application of this subsection.
Based on the Florida appellate courts’ treatment of electronic monitoring as a form of criminal penalty, we believe that applying section 948.063 to a probationer whose crimes were committed before September 1, 2005 would violate the constitutional prohibition of ex post facto laws. As such, we construe section 948.063 as applying only to probationers whose offenses were committed on or after September 1, 2005 — the effective date of the JLA.
Such a holding is consistent with Burrell v. State, 993 So.2d 998 (Fla. 2d DCA 2007) and Harder v. State, 14 So.3d 1291 (Fla. 1st DCA 2009). In both cases, the appellate courts found that the mandatory electronic monitoring requirements of the JLA were inapplicable because the underlying crimes were committed before the JLA’s effective date. Although neither case addresses section 948.063,[4] the defendants in both cases were being resentenced following violations of probation.
We also recognize that our holding is inconsistent with the Fifth District’s hold *411 ing in State v. Petrae, 85 So.3d 1012 (Fla. 5th DCA 2010). In Petrae, the Fifth District granted the state’s certiorari petition and found that the circuit court had departed from the essential requirements of law by modifying the defendant’s probation and deleting the condition requiring electronic monitoring. Id. at 1013. The defendant in Petrae was charged by information on November 21, 2003 (thus his crimes had to be committed before September 1, 2005). The Petrae defendant violated his community control in 2006. In its opinion, the court does not address the issue of whether mandatory electronic monitoring constitutes a form of criminal punishment.
The state argues that even if we hold that the mandatory imposition of electronic monitoring is a form of criminal penalty, section 948.063 does not impose a greater punishment than was available before its enactment because the trial court could have imposed electronic monitoring even before section 948.063 was enacted. The state is correct in its assertion that the trial court could have imposed electronic monitoring prior to the enactment of the statute. See § 948.03(5)(b)(5), Fla. Stat. (2003); Burrell, 993 So.2d at 999 (finding that “electronic monitoring could have been imposed on [the defendant], even without the Act”). Nevertheless, it is well settled that a law which removes discretion from the trial court in sentencing cannot be applied retroactively. See Lindsey v. Washington, 301 U.S. 397, 400-02, 57 S.Ct. 797, 81 L.Ed. 1182 (1937) (finding an ex post facto violation where law changing discretionary maximum of fifteen years to mandatory fifteen-year sentence was applied to crimes committed before the law’s effective date). See also Miller v. Florida, 482 U.S. 423, 432-33, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (finding an ex post facto violation even though the defendant could have received the same sentence under the sentencing guidelines in place when the crime was committed because, under the new guidelines, the sentence was no longer reviewable because it now fell within the presumptively reasonable range).
In summary, we hold that the section 948.063 requirement that a trial court impose electronic monitoring on certain sex offenders who violate their probation only applies to probationers whose offenses occurred on or after September 1, 2005.[5] Witchard’s offenses were all committed on or before May 31, 2004; therefore, section 948.063 does not apply to him. “Because it is unclear whether the trial court would have imposed electronic monitoring as a condition of probation had it known it was not mandatory, we remand for resentencing to allow the trial court to exercise its discretion to determine whether electronic monitoring should be imposed.” Donohue v. State, 979 So.2d 1060, 1062 (Fla. 4th DCA 2008) (alteration removed) (quoting Burrell, 993 So.2d at 999-1000).

Reversed and remanded.

DAMOORGIAN and LEVINE, JJ., concur.

. Contrarily, in other sections of the JLA, the legislature clearly indicated that those provisions only applied to probationers whose crimes were committed on or after September 1, 2005. See, e.g., §§ 947.1405(10), 948.30(3), Fla. Stat. (2008).

. In Johnson v. United. States, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), the United States Supreme Court explained that when a probationer is sanctioned for violating the conditions of his or her probation, the penalties are attributed to the original conviction rather than the violation. Id. at 700-01, 120 S.Ct. 1795. As such, it would be an ex post facto violation to apply a law that increases the penalty for a violation of probation to a probationer who committed his or her crimes before the law became effective regardless of the date of the violation of probation.

. The question of whether mandatory electronic monitoring constitutes criminal punishment or a civil regulatory scheme is a divisive one that has resulted in differing outcomes and multiple split decisions in other jurisdictions. See State v. Bowditch, 364 N.C. 335, 700 S.E.2d 1, 13 (2010) (holding in a 4-3 split decision that mandatory electronic monitoring does not constitute criminal punishment); Commonwealth v. Cory, 454 Mass. 559, 911 N.E.2d 187, 198 (2009) (holding in a 4 — 3 split decision that mandatory electronic monitoring was a form of criminal punishment); Doe v. Bredesen, 507 F.3d 998, 1004 (6th Cir.2007) (holding in a 2-1 decision that a Tennessee law requiring mandatory electronic monitoring was not an ex post facto law because the electronic monitoring was part of a civil, nonpunitive regime).

. Both cases dealt with the section 948.30(3), Florida Statutes, requirement that a trial court imposing an initial sentence which includes probation on certain sex offenders must include mandatory electronic monitoring as a condition of the probation. Section 948.063, however, deals with reinstatement or modification of probation following a violation of probation.

. We recognize that section 948.063(2) did not become effective until July 1, 2006. See Ch. 2006-235, § 2, at 2710, Laws of Fla. That subsection requires the trial court to modify the sex offender probation to include electronic monitoring for any violation of probation even if the trial court does not revoke the probation as a result of the violation. § 948.063(2), Fla. Stat. (2008). We decline to make any determination as to whether section 948.063(2) would be applicable to a probationer whose offenses were committed on or after September 1, 2005, but before July 1, 2006.