DAMOORGIAN, J.
 

 Joseph Lewis Blue appeals the imposition of the electronic monitoring resulting from a modification of the terms of his probation sentence from a violation of probation. The issue before us is whether the trial court made the requisite statutory findings under section 948.30, Florida Statutes (2008), when it imposed electronic monitoring as a condition of probation. Concluding that the trial court did not, we reverse.
 

 In 2003, Blue pled no contest to committing lewd and lascivious battery on a person between the ages of twelve and sixteen in violation of section 800.04(4)(a), Florida Statutes (2000). The criminal conduct was alleged to have occurred in January 2001. Blue’s sentence included ten years of sex-offender probation. In 2009, Blue violated the terms of his probation. He admitted the violation of conditions, and the court reinstated his probation. One month later, the court held a hearing at the request of Blue’s probation officer. At the hearing, the probation officer told the court that “Joseph Blue was reinstated on probation on 1/26/09. He’s a sex offender, JLA [the Jessica Lunsford Act] case, and an electronic monitor wasn’t imposed, and I want to see if the Court would impose an electronic monitor.”
 

 The State then advised the court that it had to impose an electronic monitor if a person was JLA qualified. Thereafter, the trial court imposed electronic monitoring as a modification to Blue’s condition of the reinstated probation. The record is unclear whether the trial court believed that the JLA (section 948.063, Florida Statutes (2008)) applied to Blue’s sentence or whether the court relied upon section 948.30(2), Florida Statutes (2008), as a statutory basis to impose electronic monitoring. This appeal follows.
 

 Blue first argues that the trial court erred because in response to the State’s suggestion that the JLA applied, the court — believing that electronic monitoring was mandatory — modified Blue’s probation to include that condition. Next, while conceding that electronic monitoring could be applied under section 948.30, Florida Statutes, such condition could be applied only when deemed necessary by the “probation officer and his or her supervisor, and ordered by the court at the recommendation of the Department of Corrections.” § 948.30(2)(e), Fla. Stat. (2008). The State counters that even assuming that Blue is correct that the JLA does not apply, the
 
 *360
 
 trial court properly imposed electronic monitoring because the requirements were met under section 948.80(2)(e).
 

 Blue is correct that the JLA does not apply to his case because the Act did not go into effect until September 1, 2005, and his crimes were committed in 2001.
 
 See Witchard v. State,
 
 68 So.3d 407, 411 (Fla. 4th DCA 2011) (holding that applying the JLA to crimes committed before the effective date of the Act would constitute an ex post facto violation).
 

 While the trial court could have imposed electronic monitoring under section 948.30(2), it did not make the requisite findings that Blue’s probation officer and his supervisor deemed electronic monitoring necessary, and that the Department of Corrections made such a recommendation.
 
 See
 
 § 948.30(2)(e). Moreover, it is unclear from the record whether the trial court was under the mistaken belief that the JLA applied or whether it would have imposed electronic monitoring had it known it was not mandatory.
 
 See Donohue v. State,
 
 979 So.2d 1060, 1061 (Fla. 4th DCA 2008);
 
 Burrell v. State,
 
 993 So.2d 998, 999-1000 (Fla. 2d DCA 2007).
 

 Accordingly, we reverse and remand for the trial court to exercise its discretion to determine whether electronic monitoring should be imposed after having made the requisite statutory determinations pursuant to section 948.30(2)(e), Florida Statutes.
 

 Reversed and Remanded.
 

 GERBER, J„ and MARX, KRISTA, Associate Judge, concur.