DAMOORGIAN, J.
The State of Florida appeals the order granting Shaun Flynn’s Rule 3.800 motion to correct sentence. In his motion, Flynn sought the deletion of electronic monitoring as a condition of his probation. We reverse.
The facts giving rise to Flynn’s motion are not in dispute. In 2009, Flynn entered a plea of no contest to one count of failure of a sex offender to report to the DMV as required by section 943.0435, Florida Statutes (2008). Pursuant to a plea agreement, Flynn was placed on five years probation with three special conditions. The special conditions did not include electronic monitoring. While he was on probation, the probation office ordered that Flynn be supervised by electronic monitoring. Flynn objected on the grounds that the trial court had not imposed electronic monitoring at the time of sentencing or at any other time, and the plea agreement did not impose electronic monitoring as a condition of probation. He also argued that he did not meet the criteria for the mandatory imposition of electronic monitoring under sections 948.063 and 948.30(3), Florida Statutes (2008) and therefore, the probation office was without authority to impose such a condition. In response, the State asserted that under the Jessica Lunsford Act[1], electronic monitoring was a manda *437 tory condition of Flynn’s probation sentence because Flynn had previously been convicted of a lewd and lascivious act in violation of section 800.04, Florida Statutes. The trial court granted Flynn’s motion and struck electronic monitoring as a condition of Flynn’s probation. This appeal follows.
“Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.” Kittles v. State, 31 So.3d 283, 284 (Fla. 4th DCA 2010). Similarly, the issue of statutory construction is a pure question of law, which this Court reviews de novo. See Alvarado v. State, 9 So.3d 1273, 1275 (Fla. 4th DCA 2009) (citing Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008)).
Both this Court and the Third District have acknowledged that section 948.30(3) compels electronic monitoring as a mandatory condition of probation. Grosso v. State, 2 So.3d 362, 364 (Fla. 4th DCA 2008) (noting that “[u]nder section 948.30, Florida Statutes, the trial court was required to impose electronic monitoring as a mandatory condition of probation because of [the defendant’s] prior convictions for violations of Chapter 794 and Section 800.04,” but reversing the court’s imposition of electronic monitoring on jurisdictional grounds); Harroll v. State, 960 So.2d 797-98 (Fla. 3d DCA 2007) (holding that a “trial court is required to impose mandatory electronic monitoring as a condition of probation” under section 948.30 for defendants previously convicted of certain unlawful sexual activity); State v. Lacayo, 8 So.3d 385, 387 (Fla. 3d DCA 2009) (holding that mandatory electronic monitoring as a condition of probation was required in case where defendant, who had previously been convicted of sex crime, was convicted for fleeing and attempting to elude a police officer).
By the plain language of section 948.30(3), the trial court was prohibited from granting Floyd’s motion to modify the terms of his probation to delete mandatory electronic monitoring.

Reversed and Remanded.

WARNER and POLEN, JJ., concur.

. The Jessica Lunsford Act ("JLA”) is codified in section 948.063, Florida Statutes. Witch *437 ard v. State, 68 So.3d 407 (Fla. 4th DCA 2011); Blue v. State, 73 So.3d 358 (Fla. 4th DCA 2011).