COHEN, J.
Donald Colvin appeals from the Corrected Order of Modification of Sex Offender Probation entered after he pleaded no contest to violating his probation. We affirm.
*504 In 2008, Colvin pleaded no contest to three counts of lewd or lascivious conduct and was sentenced to nine years’ imprisonment followed by three years of sex offender probation. Within a year of Col-vin’s release from prison, the State charged him with violating his probation. Colvin subsequently entered a no contest plea to the violation of probation charge. Pursuant to the plea, the trial court entered an Order of Modification of Sex Offender Probation, which extended Colvin’s probation for an additional two years. Ten days later, the court entered a Corrected Order of Modification of Sex Offender Probation. The only difference between the two orders is the addition of paragraph 5, which requires Colvin to submit to electronic monitoring “as required by the Jessica Lunsford Act.” Colvin timely appealed.
Colvin raises several issues on appeal, only one of which merits discussion. He argues that the trial court’s imposition of electronic monitoring pursuant to section 948.063, Florida Statutes — the Jessica Lunsford Act — violates the constitutional prohibition against ex post facto laws because the underlying offenses were committed before that statute’s enactment. He cites Witchard v. State, 68 So.3d 407 (Fla. 4th DCA 2011), for support. In Witchard, the Fourth District held that the trial court violated the constitutional prohibition against ex post facto laws by imposing electronic monitoring on a probationer whose offenses were committed pri- or to the passage of the Jessica Lunsford Act. Id. at 410. The Witchard court noted that its holding was inconsistent with this Court’s decision in State v. Petrae, 35 So.3d 1012 (Fla. 5th DCA 2010). We disagree with that assessment, however, because unlike in Witchard, the appellant in Petrae did not raise an ex post facto challenge.
While Witchard provides support for Colvin’s argument, his failure to preserve this issue is fatal to his appeal. Florida Rule of Appellate Procedure 9.140(e) provides that “[a] sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” In Brannon v. State, 850 So.2d 452, 456 (Fla.2003), the supreme court held that “for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal.” Because Colvin failed to provide a transcript of the violation of probation hearing, we are unable to determine whether he objected to the alleged error. Moreover, it appears that Colvin has not filed a rule 3.800(b) motion. Accordingly, we must affirm. We note that our affirmance is without prejudice to Colvin’s right to seek relief through a motion filed pursuant to either Florida Rule of Criminal Procedure 3.800(a) or 3.850.[1]
AFFIRMED.
WALLIS, J., concurs.
EVANDER, J., concurs in result only.

. In his brief, Colvin alludes to the filing of a motion to correct illegal sentence pursuant to rule 3.800(a). No such motion is contained within the record on appeal, however.