IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JONATHAN TAPLIN,

      Appellant,

v.                                         Case No. 5D17-3135

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Brevard County,
Kelly J. McKibben, Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.


ORFINGER, J.

Jonathan Taplin appeals the trial court's order denying his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b). The State concedes error. We reverse.

Taplin pled guilty to failure to register as a sexual offender as required by section 943.0435(7), Florida Statutes (2017).  At sentencing, the primary issue was whether Taplin was required to wear an electronic monitor since he was seventeen years old at the time of the underlying qualifying offense.  Over Taplin's objection, the trial court ruled that electronic monitoring was mandatory pursuant to section 948.30(3)(c), Florida Statutes (2017), which reads:

> (3) Effective for a probationer or community controllee whose crime was committed on or after September 1, 2005, and who:
>
> . . . .
>
> (c) **Has previously been convicted of a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 <u>and</u> the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older**,
>
> **the court must order**, in addition to any other provision of this section, **mandatory electronic monitoring as a condition of the probation or community control supervision**.

(Emphasis added); <u>see</u> ch. 2005–28, § 20, Laws of Fla.

A plain reading of section 948.30 compels us to conclude that the age restriction language—"the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older"—applies to all the crimes listed in section 948.30(3)(c), not just section 847.0145 as the trial court determined.  <u>Accord</u> <u>Harroll v. State</u>, 960 So. 2d 797, 797–98 (Fla. 3d DCA 2007) ("Under section 948.30, Florida Statutes (2006), the trial court is required to impose mandatory electronic monitoring as a condition of probation for defendants previously convicted of unlawful sexual activity involving a victim fifteen years of age or younger where the offender is eighteen years of age or older.").

For these reasons, we reverse and remand with directions that the trial court strike the electronic monitoring from his probation order, as it is not mandatory. However, as the State points out, electronic monitoring could later be applied under section 948.30(2)(e), Florida Statutes, but only when deemed necessary by the "probation officer and his or her supervisor, and ordered by the court at the recommendation of the Department of Corrections." See Blue v. State, 73 So. 3d 358, 360 (Fla. 4th DCA 2011) ("While the trial court could have imposed electronic monitoring under section 948.30(2), it did not make the requisite findings that Blue's probation officer and his supervisor deemed electronic monitoring necessary, and that the Department of Corrections made such a recommendation.").

REVERSED and REMANDED.

LAMBERT, J., concurs.
EISNAUGLE, J., concurs, with opinion.

EISNAUGLE, J., concurring.

I concur with the majority concerning mandatory electronic monitoring pursuant to section 948.30(3)(c), Florida Statutes (2017). However, I would not reach the separate issue of electronic monitoring pursuant to section 948.30(2)(e), Florida Statutes (2017).