# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1641

_____

SAM CASSEUS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.


February 4, 2019

PER CURIAM.

Sam Casseus was accused of engaging in sexual activity with his 13-year-old stepdaughter. He pled guilty to charges of sexual battery by a person in familial or custodial authority and lewd or lascivious molestation in exchange for concurrent terms of time served followed by sex offender probation. After sentencing, Casseus moved to withdraw his plea because he was not told that he would be subject to mandatory electronic monitoring as a condition of probation. Casseus now appeals the denial of his motion, arguing that mandatory electronic monitoring is a direct consequence of his plea and failure to advise him of this condition renders the plea involuntary. We affirm.

The pertinent facts are straightforward and undisputed. Section 948.30, Florida Statutes (2014), sets forth a list of additional terms and conditions of probation or community control for certain sex offenses. They are considered standard conditions and do not require oral pronouncement at the time of sentencing. § 948.30, Fla. Stat. Relevant to this case, the trial court is required to order mandatory electronic monitoring as a condition of probation. § 948.30(3), Fla. Stat. The parties agree that Casseus was not informed of the mandatory nature of this condition prior to entering his guilty plea. They disagree, however, on whether this provides a basis for Casseus to withdraw his plea after sentencing.

When a defendant seeks to withdraw a guilty plea after sentencing, he must demonstrate that withdrawal is necessary to correct a manifest injustice. *Campbell v. State*, 125 So. 3d 733, 736 (Fla. 2013). In the interest of finality, this is a heavier burden than that required to withdraw a plea prior to sentencing. *State v. Partlow*, 840 So. 2d 1040, 1044 (Fla. 2003) (Cantero, J., concurring). One way to show manifest injustice is by proving the plea was not entered voluntarily. *Woodall v. State*, 39 So. 3d 419, 421 (Fla. 5th DCA 2010); *see also* Fla. R. Crim. P. 3.170(*l*); Fla. R. App. P. 9.140(b)(2)(A)(ii)(c). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Bolware v. State*, 995 So. 2d 268, 272 (Fla. 2008) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

"The voluntariness of a plea depends on whether the defendant is aware of the direct consequences of the plea and those consequences listed in Florida Rule of Criminal Procedure 3.172(c)." *Partlow*, 840 So. 2d at 1042. By contrast, the failure to inform a defendant about a collateral consequence of the plea does not render the plea involuntary. *Id.* at 1043. The distinction between a direct and collateral consequence "turns on whether the result represents a definite, immediate, and largely automatic effect on the range of the defendant's punishment." *Major v. State*, 814 So. 2d 424, 429, 431 (Fla. 2002) (citing *Zambuto v. State*, 413 So. 2d 461, 462 (Fla. 4th DCA 1982)). "[N]either the seriousness of the sanction nor its burden on the defendant affects the inquiry." *Bolware*, 995 So. 2d at 274. The

2

supreme court has clearly stated that "for a penalty to be deemed a direct consequence of a plea, it must constitute *punishment*." *Id.* at 273. Thus, the question here is whether mandatory electronic monitoring constitutes "punishment" in this context.

Courts have found that direct consequences of a plea—those that affect the range of punishment—include any applicable mandatory minimum penalties, the statutory maximum sentence, the application of jail credit, and whether any sentence enhancement designations such as the habitual felony offender statute apply. *See State v. Coban*, 520 So. 2d 40 (Fla. 1988) (mandatory minimum term is a direct consequence of a plea); *Polite v. State*, 990 So. 2d 1242 (Fla. 3d DCA 2008) (maximum penalty that could be imposed upon a violation of probation or community control is a direct consequence of a plea); *Reyna v. State*, 18 So. 3d 1131, 1133 (Fla. 2d DCA 2009) ("Credit for time served, or jail credit, is a direct consequence of a plea because it affects the range of punishment—in this case, the length of Mr. Reyna's incarceration—in a definite manner, immediately and automatically upon imposition of a sentence."); *Hampton v. State*, 217 So. 3d 1096 (Fla. 5th DCA 2017) (defendant must be made aware of the reasonable and direct consequences of habitualization prior to entering a plea).

Conversely, courts have found that mandatory registration as a sexual offender does not constitute punishment, and thus is not a direct consequence of the plea. In *Partlow*, the supreme court was asked to resolve a conflict between the First and Fourth Districts on the issue of "whether, after being sentenced for a sexual offense pursuant to a plea of guilty or *nolo contendere*, a defendant may withdraw his plea as involuntary because he was not informed of the sexual offender registration requirement." 840 So. 2d at 1041. The supreme court agreed with this Court's decision in *Nelson v. State*, 780 So. 2d 294 (Fla. 1st DCA 2001), and held that the sexual offender registration requirement was a collateral consequence of the plea, and therefore failure to inform the defendant of that requirement before he entered the plea did not render the plea involuntary. *Id.* at 1043. The court reasoned that the sexual offender registration requirement had no effect on the "range of the defendant's punishment" because "the requirement to register is not

3

punishment at all." *Id.* The court explained that "the defendant faces no further punishment for *this* crime simply because the law imposes other duties as a result." *Id.*

Similarly, in *Bolware* the supreme court held that revocation of a driver's license based on habitual traffic offender status does not constitute punishment. 995 So. 2d at 275. The court acknowledged that the loss of driving privileges constitutes a personal hardship, but recognized that hardship does equate to punishment. *Id.* Thus, license revocation is not a direct consequence of a plea for which a defendant must be informed to ensure that the plea is voluntary.* *Id.*

The instant case presents a situation analogous to the sexual offender registration requirement and the loss of driving privileges, which are not considered punishment, no matter how definite, immediate, automatic, or onerous. Although the trial court is statutorily required to order electronic monitoring as a condition of sexual offender probation, it is not a direct consequence of the plea, as it does not affect the range of punishment for the crime. Unlike the cases finding a consequence to be direct, being required to wear an electronic monitor does not affect the term of probation or what sentence an offender faces for the charged crime. Any burden or embarrassment caused by the device would not be any different than requiring the offender to register for life as a sexual offender or predator. *Cf. Belleau v.*

---

* The court recognized that, while not a direct consequence of a plea, the suspension or revocation of a driver's license constitutes such a serious consequence that a defendant should be informed of it pursuant to rule. *Bolware*, 995 So. 2d at 276. Accordingly, the court directed "that [rule 3.172] be amended as we have done with other consequences that we found to be collateral but of substantial importance." *Id.*; *see In re Amendments to Fla. Rules of Criminal Procedure 3.172 & 3.985 & Amendments to Fla. Rules of Civil Procedure 1.985*, 20 So. 3d 376 (Fla. 2009) (amending 3.172(c) to require trial court to inform defendant regarding mandatory driver's license suspension or revocation).

*Wall*, 811 F.3d 929, 937 (7th Cir. 2016) ("Having to wear [an electronic GPS] monitor is a bother, an inconvenience, an annoyance, but no more is punishment than being stopped by a police officer on the highway and asked to show your driver's license is punishment, or being placed on a sex offender registry. . . ."). Accordingly, we hold that mandatory electronic monitoring as a condition of probation under § 948.30 is not punishment and, therefore, Casseus is not entitled to withdraw his plea.

In reaching our decision, we have not overlooked Casseus's reliance on *Witchard v. State*, 68 So. 3d 407 (Fla. 4th DCA 2011). In that case, the Fourth District held that the requirement that a trial court impose electronic monitoring on certain sex offenders who violate their probation applies only to probationers whose offenses occurred on or after the effective date of the statute. 68 So. 3d at 411 (construing § 948.063, Florida Statutes). The court reasoned that application of the statute to probationers who committed their crimes prior to its effective date violated the ex post facto clause of the constitution because the law "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Id.* 409. Although *Witchard* found that mandatory electronic monitoring constitutes "punishment" for ex post facto purposes, we are guided by the precedent discussed above on the issue of whether due process requires that a defendant be informed of a particular sanction before entering a plea of guilty.

AFFIRMED.

WOLF, LEWIS, and RAY JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Terry P. Roberts of Law Office of Terry P. Roberts, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.