350 S.E.2d 1

**STATE of West Virginia**

v.

**Clifton B. SHORT.**

**No. 16888.**

Supreme Court of Appeals of West Virginia.

Oct. 28, 1986.

David R. Karr, Ravenswood, for appellant.

Kenneth Knopf, Asst. Atty. Gen., Charleston, for appellee.

BROTHERTON, Justice:

This is an appeal of an October 15, 1984, order of the Circuit Court of Jackson County, retroactively applying the Victim Protection Act of 1984, and granting judgment against the appellant, Clifton B. Short, in favor of the State of West Virginia for and on behalf of the victims of Mr. Short's criminal enterprises, in the amount of $15,-151.30. We find that the retroactive application of the 1984 act would constitute an ex post facto law and reluctantly reverse.

Mr. Short was one of numerous defendants involved in an auto theft ring. The ring was stealing vehicles and replacing the vehicle identification numbers with numbers from wrecked or junked vehicles and thereafter selling the vehicles, usually pickup trucks. Mr. Short, in addition to other activities, was providing the garage where much of the alteration was taking place.

When caught, Mr. Short decided to cooperate with the authorities and gave statements implicating other defendants. His testimony helped convict a number of his fellow operators. In exchange for his cooperation, the appellant was permitted to plead guilty to only one felony count of transferring stolen property and the remaining counts against him were dismissed.

·Pursuant to his plea agreement, he was convicted on March 16, 1979, and was sentenced on August 3, 1979, to an indeterminate term of one-to-ten years in the penitentiary. After serving 59 days of his sentence, he was granted probation for a term of five years, effective October 15, 1979. One of the terms of his probation was that Mr. Short "shall make restitution to the victims of his criminal activity in an amount and in accordance with a schedule of payments later to be determined by this court."

Unfortunately, the record does not contain the order which set out the terms and conditions of the restitution. Nevertheless, from later pleadings and other documents most of the order can be retrieved. Mr. Short was required to make weekly restitu-

tion payments of $50.00. A series of documents were later filed which identified: the victims; the particular vehicles which had been stolen; the value of each vehicle; the total amount to be restored; and the proper percentage of each weekly payment to remit to each victim. In addition, Mr. Short was required to pay his court costs.

Mr. Short made regular payments, first at $50.00 per week and later at $100.00 per week, which the court found was the maximum he could afford to pay. The payments, however, were insufficient to pay the entire debt during the appellant's five-year probation period. On October 15, 1984, one day prior to the conclusion of Mr. Short's term of probation, the court held a hearing on the issue of the appellant's failure to fully discharge his restitution obligation. At the time there remained an unpaid balance of $15,151.30. In response to this problem the court granted judgment to the State on behalf of all victims of the appellant's offenses under the Victim Protection Act of 1984, Chapter 61, article 11A of the West Virginia Code.

The question on this appeal is whether the retroactive application of the Victim Protection Act of 1984 would constitute an ex post facto law in violation of the United States Const. art. 1, § 10 and West Virginia Const. art. III, § 4.

This Court, in *State v. R.H.*, 166 W.Va. 280, 273 S.E.2d 578 (1980), adopted the classic United States Supreme Court definition of an ex post facto law as set out by Justice Samuel Chase in *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). An ex post facto law is:

(1) Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) every law that aggravates a crime, or makes it greater than it was when committed; (3) every law that changes the punishment, and inflicts a greater punishment than the law annexed to the crime when commit-

ted; (4) every law that alters the legal rules of evidence, and receives less or different testimony than the law required at the commission of the offense, in order to convict the offender.

166 W.Va. at 288–289, 273 S.E.2d at 583–84.

Of the four definitions above, number three, whether a greater punishment was inflicted, is the one of concern in this case.

Mr. Short was ordered to make restitution in 1980 under W.Va.Code § 62–12–9 (1953). This section allows the court to impose as a condition of probation that the probationer "make restitution or reparation, in whole or in part, *immediately or within the period of probation* to any party injured by the crime for which he has been convicted." (emphasis added). The emphasized portion of § 62–12–9 shows that the court only has the power to order restitution within the period of probation. The court's authority under § 62–12–9 dissolved at the end of the probationary period.

The Victim Crime Protection Act of 1984, on the other hand, gives the State much broader powers, including the ability to enforce an order of restitution beyond the period of probation in the same manner as a civil judgment. *See* W.Va.Code § 61–11A–4(h) (1984). This represents a change in the law which, in the present case, added a $15,131.30 extra penalty which could not have been imposed under the older law.[1] The restitution ordered under W.Va.Code § 62–12–9 was a condition of Mr. Short's probation. As such, it was undeniably part of his punishment. The retroactive application of the Victim Crime Protection Act increased the punishment and is an ex post facto application of the law and is therefore void.

Because of the ex post facto nature of the lower court's application of the Victim Crime Protection Act, we must strike down the October 15, 1984 order. Mr. Short is no longer required to pay the $15,151.30, and the victims, who have waited beyond

---

1. The trial court could, under the 1953 law, have ordered that the appellant pay a higher monthly amount during his probation. Apparently the court found imposition of a higher monthly payment unreasonable, however, and we must look at the sentence as it was imposed by the lower court.

the limitations period, are apparently without any recourse. To say the least, we are not pleased with this result, but it is the law and we are bound to follow it. Fortunately, the legislature had the wisdom to correct the shortcomings of § 62–12–9 with the Victim Crime Protection Act so that victims of crimes committed after 1984 will have greater rights.

For the reasons set forth above, the October 15, 1984, order of the Circuit Court of Jackson County, which grants judgment against Clifton B. Short in the amount of $15,151.30, is hereby reversed.

Reversed.