BENTON, Judge,
dissenting.
The issue in this case is not complicated. The evidence proved that Jeffrey Theodore Kitze committed acts in 1989 that led to indictments for rape and malicious wounding. At that time, Code § 19.2-298.1 had not been enacted. Kitze was tried in 1990 and convicted of rape and malicious wounding. His convictions were reversed on appeal and remanded for a new trial. See Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583 (1993). At that time, Code § 19.2-298.1 had not been enacted.
*221 On remand and during the course of the new trial in August 1994, Kitze pled guilty to both charges. Prior to the commencement of the second trial, Code § 19.2-298.1 became effective. In pertinent part, the statute reads as follows:
Every person convicted on or after July 1,1994, for a felony in violation of §§ 18.2-61, [,rape?] shall be required as a part of the sentence imposed upon conviction to register with the Department of State Police. The order shall also impose a duty to keep the registration current in accordance with this section.
Code § 19.2-298.1(A)(emphasis added).
In sentencing Kitze upon his plea of guilty, the trial judge’s order stated that “[i]t is further ORDERED, in accordance with Virginia Code Section 19.2-298.1, that the defendant register with the Sex Offender Registry of the Department of State Police within thirty days from the date of his release from incarceration and to keep the registration current in accordance with said section.” This statutorily mandated penalty did not exist as an aspect of sentencing when Kitze committed the criminal offenses.
The Constitution of the United States provides that “[n]o State shall ... pass any ... ex post facto Law.” Art. I, § 10. “It is settled, by decisions of ... [the Supreme] Court ..., that any statute ... which makes more burdensome the punishment for a crime, after its commission, ..is prohibited as ex post facto.” Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925). “[T]he Latin phrase ‘ex post facto’ literally encompasses any law passed ‘after the fact,’ [;thus,] it has long been recognized by ... [the Supreme] Court that the constitutional prohibition on ex post facto laws applies ... to penal statutes which disadvantage the offender affected by them.” Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). “[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.” Weaver v. Graham, 450 *222 U.S. 24, 29, 101 act 960, 964, 67 L.Ed.2d 17 (1981). Thus, the Constitutional prohibition against ex post facto laws “forbids the application of any new punitive measure to a crime already-consummated.” Lindsey v. Washington, 301 U.S. 397, 401, 57 act 797, 799, 81 L.Ed. 1182 (1937).
The Constitution of Virginia also mandates “that the General Assembly shall not pass ... any ex post facto law.” Art. I, § 9. The following principle was stated long ago by the Supreme Court of Appeals of Virginia:
[T]he phrase ex post facto law, as used in the constitution, is ... applicable ... to criminal and penal laws, which impose a punishment for previous acts which were not punishable at all when committed, or not punishable to the extent or in the manner prescribed. So that ex post facto laws relate to penal and criminal proceedings which inflict punishment or forfeitures.
Town of Danville v. Pace, 66 Va. 1, 25 Gratt. (66 Va.) 1, 9 (1874).
In this case, the trial judge ordered “as a part of the sentence imposed upon [Kitze’s] conviction” that Kitze register with the State Police and maintain a current registration. I believe that the sentencing requirement, mandated by Code § 19.2-298.1(A), is penal in character and is an ex post facto law when applied to persons who committed offenses prior to July 1, 1994. “The critical question ... is whether the new provision imposes greater punishment after the commission of the offense, not merely whether it increases a criminal sentence.” Weaver, 450 U.S. at 32 n. 17, 101 S.Ct. at 966 n. 17. Code § 19.2-298.1(A) requires the sentencing judge to order registration as an incident of conviction. The statutory requirement imposes a burden only by virtue of the felony conviction, and it “makes more onerous the punishment for crimes committed before its enactment.” Id. at 36, 101 S.Ct. at 968. Registration as a sex offender is a mandatory requirement to be imposed by the sentencing judge following each felony conviction, and it may be enforced by criminal contempt or by any other power available to the criminal process.
*223 In an early case, the United States Supreme Court stated that the “deprivation of any rights, civil or political, previously enjoyed, may be punishment.” Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 820, 18 L.Ed. 356 (1867). Indeed, state imposed “registration has traditionally been viewed as punitive.” State v. Noble, 171 Ariz, 171, 829 P.2d 1217, 1222 (1992). See also State v. Payne, 633 So.2d 701, 703 (La.App. 1993), cert. denied, 637 So.2d 497 (La.1994).
The constitutional prohibition against ex post facto laws extends to all penalties and punishments; it does not just apply to terms of imprisonment. Any changes in the law which infringe upon “substantial personal rights” are ex post facto violations. Malloy v. South Carolina, 237 U.S. 180, 183, 35 S.Ct. 507, 508, 59 L.Ed. 905 (1915). Indeed, insubstantial changes in fines and other penalties imposed at sentencing have been found to be violative of the prohibition against ex post facto laws. See Matter of Appeal in Maricopa County Juvenile Action No. J-92130, 139 Ariz. 170, 677 P.2d 943, 946 (App.l984)(Statute disadvantages an offender and therefore violates the constitutional prohibitions against ex post facto laws when it, requires Court to levy a “rehabilitati[ve] ... monetary assessment” not in effect at the time the offense was committed); Eichelberger v. State, 323 Ark. 551, 916 S.W.2d 109, 112 (1996) (retroactive increase in restitution requirements violated prohibitions against ex post facto laws); People v. Rayburn, 258 Ill.App.3d 331, 196 Ill.Dec. 598, 603, 630 N.E.2d 533, 538 (1994)(statute requiring levy of mandatory assessment for the family abuse fund upon conviction was an ex post facto increase in punishment); State v. Kaster, 469 N.W.2d 671, 673-74 (Iowa 1991)(ten dollar increase in a civil damages assessment that was required to be levied upon a person convicted of unlawfully taking fish was a prohibited ex post facto enhancement of punishment); State v. Short, 177 W.Va. 1, 350 S.E.2d 1, 2 (1986)(change in statute after date of offense that granted the ability to enforce an order of restitution beyond the period of probation violated the prohibition against ex post facto laws).
*224 Citing People v. Starnes, 273 Ill.App.3d 911, 210 Ill.Dec. 417, 653 N.E.2d 4, appeal denied, 163 Ill.2d 581, 212 Ill.Dec. 434, 657 N.E.2d 635 (1995), the majority rules that registration requirement is not punishment when imposed as a part of a criminal sentence. Starnes held, however, “that defendant has waived his constitutional challenge.” 210 Ill.Dec. at 419, 653 N.E.2d at 6. The portion of the opinion relied upon by the majority is pure dicta.
Furthermore, I disagree with the majority’s view that “registration is merely a remedial aspect of a sex offender’s sentence.” While registration may serve a remedial purpose under certain circumstances, when it is imposed as a requirement of a felony sentencing order it also “disadvantage^] the offender,” as does requiring the defendant to pay fines or restitution, Weaver, 450 U.S. at 29, 101 S.Ct. at 964, and therefore, constitutes punishment. Thus, applying Code § 19.2-298.1 retroactively to Kitze increased his punishment and violated the ex post facto clause.
By extending the scope of Code § 19.2-298.1(A) to persons convicted on or after July 1, 1994, for a proscribed felony committed before July 1, 1994 (the effective date of the act), the General Assembly enacted an ex post facto law. As to Kitze, the imposition of that requirement is a punishment for a past criminal act.
For the foregoing reasons, I would hold that the statute’s application to Kitze is unconstitutional as a violation of the ex post facto clauses of both the United States and Virginia Constitutions.