# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re*: J.H. & L.H.

No. 12-1002 (Raleigh County 10-JA-64 & 65)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel John T. Burleson, arises from the Circuit Court of Raleigh County, wherein her parental rights to her children, J.H. and L.H., were terminated by order entered on August 17, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Bands, has filed its response. The guardian ad litem, Steven K. Mancini, has filed a response on behalf of the children. Respondent Father has also filed a response, by counsel Colleen C. McCulloch, along with a supplemental appendix. Petitioner has also filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 29, 2010, the DHHR filed its initial petition alleging petitioner abused and/or neglected the subject children by allowing then fourteen-year-old J.H. to consume alcohol, prescription drugs, and marijuana, and also to have sex with two adult women during a party at petitioner's home. According to the parties, petitioner later pled guilty to the crime of accessory after the fact to third degree sexual abuse related to this incident. At the adjudicatory hearing, the circuit court found the children to be neglected by petitioner's actions. While there is a dispute as to when a post-adjudicatory improvement period was granted, the record shows that the circuit court proceeded as if petitioner were under the terms of such an improvement period. Eventually, the DHHR filed a motion to terminate petitioner's parental rights, and the circuit court terminated her parental rights at disposition.

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights for several reasons. First, she alleges that the circuit court failed to have a family case plan entered, as is required by West Virginia Code § 49-6D-3, or to set forth the terms of her improvement period. Petitioner next alleges that it was error to terminate her parental rights without finding that the circumstances constituting neglect still existed or that termination was necessary for the welfare of the children. She also alleges that the circuit court failed to consider the children's wishes in reaching disposition. Lastly, petitioner argues that termination was not in

the children's best interests and was contrary to public policy because the children are left without a mother.

Respondent Father responds in support of the circuit court's termination below. He argues that a family case plan was created and signed by petitioner, and that termination was proper because petitioner failed to participate in the services provided and because she had not remedied the conditions of neglect, i.e. failure to provide the children with proper supervision. Respondent argues that the guardian ad litem expressed the children's wishes to the circuit court because they were both serving sentences for violations of probation in juvenile criminal cases.

The DHHR responds in support of the circuit court's termination below, arguing that there was a legitimate finding of neglect as to the children and the record established that termination was necessary because of petitioner's history of drug use and trafficking, her continued inability to properly supervise the children, and her failure to comply with services. The guardian ad litem, however, argues that termination of petitioner's parental rights was not in the children's best interests, as they have a continuous and close relationship with petitioner. According to the guardian, only petitioner's custodial rights should have been terminated because petitioner is not an effective parent.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. To begin, the record shows that a family case plan was developed and the testimony of a DHHR employee establishes that petitioner was aware of its terms. While it is true that this Court has stressed the importance of the filing of a case plan on numerous occasions, we decline to find that the failure to file the plan in this matter warrants reversal. As we have held, "'[t]he purpose of the family case plan . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems.' Syl. Pt. 5, in part, *State ex rel. W.Va. Dep't. Of Human Servs. v. Cheryl M.*, 177 W.Va.

688, 356 S.E.2d 181 (1987)." Syl. Pt. 3, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). A review of the record shows that petitioner was directed to participate in drug screens, therapy sessions, and parenting and adult life skills classes, and also seek gainful employment. Therefore, petitioner was aware of the "logical steps" necessary to resolve the issues of neglect.

As to petitioner's arguments that it was error to terminate her parental rights without a finding that the circumstances constituting neglect still existed or that termination was necessary for the welfare of the children, we find no merit to this argument. Upon our review of the record, the Court finds that at the dispositional hearing, the circuit court clearly found that petitioner was unable to correct the ongoing issues related to her neglect of the children. We further find that the circuit court was presented with sufficient evidence upon which it could have found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

As to petitioner's remaining allegations, the Court finds no merit in these arguments. While it is true that the subject children were not present at the final dispositional hearing, a review of the record shows that the circuit court was aware that the children did not wish for petitioner's parental rights to be terminated. However, circuit courts are not bound to follow children's wishes, and the record does not establish that the circuit court failed to consider their wishes prior to terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

 **DISSENTING:**

Justice Menis E. Ketchum

3