FILED

**November 5, 2021**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0546 – *State of West Virginia v. Jamie Lynn Metheny*

WOOTON, J., dissenting:

At the time petitioner Jamie Lynn Metheny committed the criminal conduct for which she was punished[1] with the sentence of a definite term of two (2) years, which the circuit court suspended for a period of supervised probation for five (5) years from August 11, 2015, or until approximately August 11, 2020, the express provisions of West Virginia Code § 62-12-11 (2014) only allowed for a maximum five-year period of probation. The Legislature amended this statute in 2017 as follows: "The period of probation together with any extension thereof shall not exceed seven years." *Id*. § 62-12-11 (2020). In 2020, only a month before her five-year probationary term was set to expire, petitioner violated the terms and conditions imposed upon her by the circuit court in its 2015 sentencing order.[2] Then, applying the 2017 version of the statute rather than the 2015 version, the circuit court punished petitioner for the violation by increasing her period of probation beyond five years.

---

[1] Petitioner pleaded guilty to a single count of Fraudulent Use of an Access Device.

[2] The violation involved petitioner leaving the State without permission and failing to advise her probation officer that she was living with her child's father in the Commonwealth of Pennsylvania. Ironically, the circuit court granted petitioner "permission to reside in the Commonwealth of Pennsylvania" during the same proceeding that resulted in petitioner's term of probation being extended.

1

The only issue before this Court is whether the original statutory five-year or the amended statutory seven-year maximum term of probation applies. The majority has concluded that "[a]pplying W. Va. Code § 62-12-11 (2017) to a probation violation that occurred after this statute became effective does not implicate the ex post facto prohibitions of the United States and West Virginia Constitutions." The majority's holding is contrary to the express and unambiguous provisions of West Virginia Code § 62-12-11 (2017), ignores the State's concession that the circuit court's application of the amended 2017 version of the statute constituted error, and implicitly overturns – or at a minimum ignores – long-standing precedent in regard to a circuit court's jurisdiction in cases involving probation revocation and ex post facto law. Because I vehemently disagree with the majority opinion in this case, I respectfully dissent.

The majority's opinion is flawed for two primary reasons. First, the majority ignores fundamental principles of statutory construction. A circuit court's authority to place an individual on probation is derived from West Virginia Code § 62-12-11. In that regard, there is an absence of any express language in the statute that the increased maximum probationary term of seven years is to be applied retroactively. Under basic principles of statutory construction there is a presumption that statutes do not apply retroactively unless such application is expressly written into the statute. Syl. Pt. 1, *Myers v. Morgantown Health Care Corp.*, 189 W. Va. 647, 434 S.E.2d 7 (1993) ("A statute is presumed to operate prospectively unless the intent that it shall operate retroactively is

clearly expressed by its terms or is necessarily implied from the language of the statute.").

The 2017 version of West Virginia Code § 62-12-11 contains neither express language that it is to operate retroactively, nor any implied wording which could warrant a legal determination that the new language was intended to be retroactively applied. Consequently, it is undeniable that the Legislature did not intend for the 2017 statute to have any retroactive application. *See* Syl. Pt. 3, in part, *State v. Cookman*, 240 W. Va. 527, 813 S.E.2d 769 (2018) ("Pursuant to West Virginia Code § 62-12-11 (2014), a sentencing court exceeds its authority by imposing a sentence of probation beyond the statutory limitation, rendering such sentence void."); *State v. Reel*, 152 W. Va. 646, 654, 165 S.E.2d 813, 818 (1969) ("It necessarily follows that after the expiration of five years from the date that the defendant was placed on temporary probation by the circuit court that court was without power or authority to revoke such probation or to sentence the defendant for the criminal offense of which he had been convicted.").

Second, and of critical constitutional significance, the majority dismisses this Court's long-recognized precedent governing the application of ex post facto principles in a manner which ensures the protection of an individual's rights. This Court has repeatedly stated:

> "'[i]t is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available

3

according to law at the time when the act was committed, is prohibited as *ex post facto*.'"

*State v. Deel*, 237 W.Va. 600, 605-06, 788 S.E.2d 741, 746-47 (2016) (quoting *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). This Court also held in syllabus point two of *Deel* that "'[u]nder *ex post facto* principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him.' Syl. Pt. 1, *Adkins v. Bordenkirch*er, 164 W.Va. 292, 262 S.E.2d 885 (1980)." 237 W. Va. at 601, 788 S.E.2d at 742, Syl. Pt.2; *see Syllabus, State v. Short*, 177 W. Va. 1, 350 S.E.2d 1 (1986) ("A law which changes the punishment for a crime and inflicts a greater punishment than the law annexed to the crime when it was committed is an ex post facto law.").

The majority avoids the obvious ex post facto prohibitions in this case by disregarding the statute, this Court's precedent, and the state and federal constitutions, concluding that no ex post facto implications exist because petitioner's probation violation occurred under the 2017 version of West Virginia Code § 62-12-11. This conclusion is legally insupportable under our established law, a problem the majority finesses by focusing on cases from four other jurisdictions: California, Colorado, North Dakota and South Dakota, instead. Specifically, the majority cites *State v. Monson*, 518 N.W.2d 171 (N.D. 1994), and *John L. v. Superior Court*, 91 P.3d 205 (Cal. 2004), to support its holding that in probation violation cases the punishment is determined not by the law in existence

at the time of conviction and imposition of the probationary sentence, but rather by the law that exists at the time the probation violation occurred. This holding, which completely avoids and circumvents this Court's precedent, opens a Pandora's Box that not only harms petitioner, but will invariably lead to a trampling of the constitutional rights of other defendants.

The majority's decision also ignores the United States Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000), a case which postdates three of the four cases upon which the majority relies. In *Johnson*, a case involving revocation of supervised release, the Supreme Court stated unequivocally that "[p]ostrevocation penalties relate to the original offense[,]" and recognized that most courts treat postrevocation sanctions in this manner to avoid a host of potential constitutional difficulties. *Id*. at 701. The Supreme Court also stated that "[s]ince postrevocation penalties relate to the original offense, to sentence . . . [defendant] to a further . . . [punishment] would be to apply this section retroactively" and would "raise the remaining ex post facto question [of] whether that application makes him worse off." *Id*.; *see Hunt v. State,* 487 P.3d 833, at *1 (Nev. 2021) (stating that "probation revocation proceedings are part of the penalty for the underlying crime. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) ('[P]ostrevocation penalties relate to the original offense.')[;]" *State v. F.W.*, 129 A.3d 359 (N.J. Super. 2016) ("For purposes of ex post facto analysis of penalties for violating the terms of post-release supervision, 'postrevocation sanctions' are treated 'as

part of the penalty for the initial offense.'") (citation to *Johnson* omitted); *Commonwealth v. Cory*, 911 N.E.2d 187, 192 (Mass. 2009) (relying on *Johnson* in recognizing that "[p]enalties for violation of the terms of supervised release, including the penalty of additional supervised release, are attributed to the original conviction rather than to the violation."); *see generally* Neil P. Cohen, Law of Probation & Parole § 18:9 (2d ed. Sept. 2021 Update) ("As a general rule, the law in effect at the time of a defendant's commission of a criminal offense or conviction ordinarily remains the law that governs questions relating to the defendant's parole or probation. Subsequent changes in statutes that adversely affect a parolee's or probationer's rights can be applied prospectively only. Otherwise, subsequent adverse changes in the law would constitute an unlawful ex post facto law.") (footnotes omitted).[3]

Following *Johnson*, in *Witchard v. State*, 68 So.3d 407 (Fla. Dist. Ct. App. 2011), a defendant/probationer was originally sentenced to serve a total of twenty years of sex offender probation after pleading guilty to multiple charges of lewd and lascivious battery for engaging in sexual activity with a person twelve years old or older but less than sixteen years old. *Id*. at 408. The defendant/probationer violated his probation. He agreed to plead guilty to the violation, but reserved the right to challenge whether the provision of the Jessica Lundsford Act ("the Act") requiring electronic monitoring after a violation of

---

[3] Interestingly, the majority also includes the first sentence of this parenthetical quote from this legal treatise in its decision but omits the remainder of the quote that is set forth *supra*.

sex offender probation applied to him, because his crimes were committed before the effective date of the Act. *Id*.  Defendant/probationer argued that the retroactive application of the statutory provision requiring mandatory electronic monitoring under these circumstances violated the ex post facto clauses of the United States and Florida Constitutions.  *Id*.

On appeal, the *Witchard* court agreed. The court, relying upon the Supreme Court's decision in *Johnson*, stated:

> In *Johnson v. United States*, 529 U.S. 694, 120 S. Ct. 1795, 146 L.Ed.2d 727 (2000), the United States Supreme Court explained that when a probationer is sanctioned for violating the conditions of his or her probation, the penalties are attributed to the original conviction rather than the violation. *Id*. at 700-01, 120 S. Ct. 1795. *As such, it would be an ex post facto violation to apply a law that increases the penalty for a violation of probation to a probationer who committed his or her crimes before the law became effective regardless of the date of the violation of probation*.

68 So.3d at 409 n.2 (emphasis added).

The whole premise upon which the majority relies – that a probation violation is akin to a new crime that has occurred, so the current statute applies – flies in the face of the way in which probation has been viewed by this Court and by the United States Supreme Court.  *See Johnson*, 529 U.S. at 701.  This Court has recognized that the

imposition of a period of probation, which includes various terms and conditions in lieu of incarceration, is unquestionably part of the punishment for a crime set forth in a circuit court's sentencing decision. *See Cookman*, 240 W. Va. 527, 532, 813 S.E.2d 769, 774 (2018) ("While this Court acknowledges the general principle that *sentencing decisions* are properly within the realm of the trial court, an order which violates statutory restrictions is invalid.") (emphasis added); *Short*, 177 W. Va. at 2, 350 S.E.2d at 2 (noting that an order of restitution imposed as part of probation undeniably constitutes a "punishment," and is subject to ex post facto protection).

In dealing with this petition to revoke petitioner's probation the circuit court found a violation of the terms and conditions of probation set forth in the original August 20, 2015, sentencing order, and in its order extending probation directed that all other terms and conditions originally imposed on August 20, 2015, would remain in effect. Clearly the circuit court viewed the violation of probation as inextricably linked to the 2015 order imposing the sentence of probation – not new "crimes" as the majority opinion suggests.[4] As the State argued in each brief,

> [f]ollowing her violation, Petitioner was not placed on a "new" probationary period; she was still serving the term of probation imposed upon her under the terms of the statute in effect at the time of her sentencing in 2015. Because a circuit court "exceeds its authority by imposing a sentence of probation beyond the statutory limitation, rendering such sentence void,"

---

[4] While petitioner's conduct was violative of the terms of her probation, it was not criminal.

Syl. Pt. 3, in part, *Cookman*, 240 W. Va. 527,813 S.E.2d 769, application of a version of the probationary statute that was not in effect when Petitioner was placed on probation is void.

Finally, the majority's position that "probation is a matter of grace" and not a punishment for a crime is pure poppycock! A critical examination of the cases in which this concept arose, *State ex rel. Strickland v. Melton*, 152 W. Va. 500, 165 S.E.2d 90 (1968), and *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 239 S.E.2d 660 (1977), readily dispels the idea that probation is not a punishment. First, the syllabus point in *Strickland* fails to track any language in the authorities upon which it relies. In the body of *Strickland*, the Court states,

> [p]robation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime. *See Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; *Burns v. United States*, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; *Hamrick v. Boles, D.C.*, 231 F.Supp. 507.

152 W. Va. at 505, 165 S.E.2d at 94. It is this language that is then elevated to a syllabus point. *Id*. at 500, 165 S.E.2d at 91, Syl. Pt. 2. However, none of the cases cited for the legal principle enunciated in that syllabus point actually support the concept that "[p]robation is not a sentence for crime." Instead, in *Escoe*, the United States Supreme Court stated that "[p]robation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose." 295 U.S. at 492-93; *see Burns*, 287 U.S. at 220 ("Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of

9

contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; *he faces punishment*, and cannot insist on terms or strike a bargain.") (emphasis added); *Hamrick*, 231 F.Supp. at 509 (stating that "probation or suspension of sentence comes as an act of grace to one convicted of a crime. The convicted person has already had his day in court, and *probation is simply one of the devices of an enlightened system of penology* which has for its purpose the reclamation and rehabilitation of the criminal.") (emphasis added).

Second, in *Winter* the Court did not use the holding from *Melton*, choosing to write a new syllabus point that provided in pertinent part that "[p]robation being a matter of grace . . . ." 161 W. Va. at 30, 239 S.E.2d at 660, Syl. Pt. 3, in part. In creating this new holding, the Court acknowledged that there was no absolute right to probation but that the decision to grant probation was "a matter of grace." *Id*. This case undeniably stands for the concept that the act of granting probation is within a circuit court's sound discretion – not that probation is not a punishment!

Finally, this Court recently acknowledged that probation is a form of punishment in *State v. Varlas*, 243 W. Va. 447, 844 S.E.2d 688 (2020), construing *Melton* as follows:

> "[p]robation is not a sentence for a crime but instead is an act
> of grace upon the part of the State to a person who has been

convicted of a crime." That holding clearly stands for the proposition that a defendant is not entitled to probation as a matter of law, but that the court may, in its discretion, grant probation to those it finds deserving of a more lenient *punishment* than incarceration.

*Id*. at 455, 844 S.E.2d at 696 (emphasis added). The majority dispenses with any reliance on *Varlas*, finding that it has no application to this case because *Varlas* was limited to "an *Eden* analysis." However, the principle set forth above is not one that can simply be cast aside because it does not support a desired result. S*ee State v. Hedrick*, 236 W. Va. 217, 224 n.9, 778 S.E.2d 666, 673 n.9 (2015) ("We observed, in *Louk*, that *the liberty of an accused* 'is no less "affected" because probation is considered an act of grace. Due process cannot be denied a probationer by such reasoning. *Every condition of probation constitutes a restriction of liberty and violation of any condition may result in imprisonment*.' (citations omitted) 159 W.Va. at 492-93, 223 S.E.2d at 787.") (emphasis added).

In upholding the circuit court's imposition of a punishment in the form of a probationary term that exceeds applicable statutory maximum, the majority embraces new law that unequivocally violates the language of West Virginia Code § 62-12-11, this Court's precedent, and the ex post facto clauses of both the West Virginia and United States Constitutions. Unfortunately, the majority's holding invites speculation that this decision may have been based on achieving a desired result, rather than on the analysis of

constitutional provisions, applicable statutes and pertinent decisions of this Court, the United States Supreme Court and courts of our sister states.

For all of the foregoing reasons, I respectfully dissent.